### PEOPLE v. MARTIN.

1. WITNESSES—DEFINITION.
   The term ''witness'' means one who gives evidence in a cause before a court and includes deponents and affiants as well as persons delivering oral testimony before a court or jury.

2. SAME—DEFINITION.
   A witness is one who has been sworn according to law and deposes as to his knowledge of the facts in issue upon the trial of a case.

3. SAME—TESTIMONY.
   Testimony means the statement made by a witness under oath in a legal proceeding.

4. WORDS AND PHRASES—EXAMINATION.
   The word ''examination,'' used in connection with legal proceedings, is commonly understood to mean an examination under oath or affirmation.

5. HOMICIDE—DETERMINATION OF DEGREE OF MURDER—WITNESSES.
   Under mandatory statute providing that one convicted of murder on confession the court shall proceed by examination of witnesses to determine the degree of crime and render judgment

accordingly, it is intended that the court shall proceed to a determination of the degree of the crime on the basis of testimony given by witnesses sworn and examined in open court (Act No. 328, § 318, Pub. Acts 1931).

6. SAME—SENTENCE—DEGREE OF MURDER.

Where information did not specify the degree of the crime of murder, nor the manner, means or method of, or circumstances attending, the perpetration of the crime and defendant entered plea of guilty thereto, sentence for murder of the first degree was invalid where record fails to disclose an actual determination by the court of the degree of the crime and no witnesses were sworn and examined in open court for such purpose (Act No. 328, § 318, Pub. Acts 1931).

7. SAME—DETERMINATION OF DEGREE OF MURDER—MISCARRIAGE OF JUSTICE.

Failure of the court to examine witnesses in open court, for purpose of determining degree of murder to which defendant had pleaded guilty, was not such a mere error of procedure as might be mollified by statute providing that sentence might not be set aside for slight errors in procedure not resulting in a miscarriage of justice (3 Comp. Laws 1929, § 17354; Act No. 328, § 318, Pub. Acts 1931).

8. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—SENTENCE.

A plea of guilty may be withdrawn at any time before sentence.

Appeal from Kent; Brown (William B.), J. Submitted January 16, 1947. (Docket No. 85, Calendar No. 43,565.) Decided April 8, 1947.

Kenneth Martin was convicted of murder of the first degree. On motion sentence was set aside and defendant allowed to change plea. People appeal. Affirmed and remanded for further proceedings.

*Eugene F. Black,* Attorney General, *Menso R. Bolt,* Prosecuting Attorney, and *Henry J. Milanowski,* and *George W. Loomis,* Assistant Prosecuting Attorneys for the people.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

DETHMERS, J.   On March 2, 1925, an information was filed in the circuit court for the county of Kent charging defendant with the crime of murder. The information did not specify the degree of the crime nor the manner, means or method of, or circumstances attending, its perpetration. Defendant entered a plea of guilty and thereupon an order was entered finding that defendant had pleaded guilty to the crime of murder in the first degree and sentencing him therefor to life imprisonment.

The record discloses no actual determination by the court of the degree of the crime, and it is conceded by plaintiff that no witnesses were sworn and examined in open court for this purpose.  3 Comp. Laws 1915, § 15194, then applicable and identical to present law (Act No. 328, § 318, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115–318, Stat. Ann. § 28.550]) provided, in part, as to persons indicted for murder, as follows:

"If such person shall be convicted by confession, the court shall proceed by examination of witnesses to determine the degree of the crime, and shall render judgment accordingly."

The record of proceedings had on arraignment and at time of sentence is silent on the subject, but plaintiff now has filed the affidavits of the then sheriff and of a police officer who was present at the arraignment, who depose and say that before sentence they discussed the facts of the case with the judge and that he then interviewed the defendant. It is plaintiff's position that from these discussions the court learned that this was a killing committed in the perpetration of a robbery, and that from a full knowledge of the facts of the case, thus acquired, the court was enabled to determine the degree of the crime in conformity with the statute.

But did the court, as required by the statute, "proceed by examination of witnesses to determine the degree of the crime" and "render judgment accordingly?"

As defined in 3 Bouvier's Law Dictionary, p. 3475, a "witness" is "one who testifies under oath to something he knows at first hand."

"The term 'witness,' in its strict legal sense, means one who gives evidence in a cause before a court; and in its general sense includes all persons from whose lips testimony is extracted to be used in any judicial proceeding, and so includes deponents and affiants as well as persons delivering oral testimony before a court or jury." 70 C. J. p. 34.

"A 'witness' is one who has been sworn according to law and deposes as to his knowledge of the facts in issue upon the trial of a case; and 'testimony' means the statement made by the witness under oath in a legal proceeding. Web. Dict.; 1 Bouv. Law Dict. 658." *Poe v. State,* 95 Ark. 172, 177 (129 S. W. 292, 295).

"The word 'examination,' used in connection with legal proceedings, is commonly understood to mean an examination under oath or 'affirmation.' " *Edelstein v. United States,* 79 C. C. A. 328, 332 (149 Fed. 636, 9 L. R. A. [N. S.] 236).

It is the clear intent and meaning of the statute that the court shall proceed to a determination of the degree of the crime on the basis of testimony given by witnesses sworn and examined in open court. Not having done so, the court could not, as the statute provides, "render judgment accordingly," and it was, therefore, without jurisdiction to impose sentence. It follows that the sentence is invalid and void.

We do not overlook plaintiff's contention that this noncompliance with the statute amounts, at most, to no more than a slight error in procedure which has not resulted in a miscarriage of justice and for which, under the provisions of 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096), the verdict or sentence may be set aside. But involved here is more than a mere error in procedure, such as may be mollified by the provisions of that statute. Here defendant was deprived of an essential right, the observance of which is made mandatory by statute. In such case 3 Comp. Laws 1929, § 17354, cannot avail to save the judgment and sentence. *People* v. *Little,* 305 Mich. 482.

The case is thus left as upon a plea of guilty before sentence. A plea of guilty may be withdrawn at any time before sentence. See *People* v. *Vasquez,* 303 Mich. 340 and cases therein cited (342). See, also, opinion in *People* v. *Sheppard, ante,* 665.

The orders vacating and setting aside sentence and granting defendant leave to withdraw his plea of guilty are affirmed and the case remanded to permit withdrawal of the plea of guilty and for arraignment and appropriate proceedings upon the plea to be entered.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.