## PEOPLE *v.* KEARNS.

1. INDICTMENT AND INFORMATION—PURPOSE.
   The basic reason for an information is to apprise the defendant of the charges against him, and an information which fulfills such requirement is a good and proper information.

2. SAME—DESCRIPTION OF LESSER INCLUDED CRIME.
   An information which may be defective in its averments as to a higher crime but which contains a full description of a lesser included offense is a good and proper information as to the included offense.

3. SAME—AMENDMENT—INCLUDED OFFENSE.
   Information which charged defendant and an accomplice with crime of robbery armed and which information fully informed defendant of the included offense of assault with intent to rob being armed did not require that an amendment be made by the trial court in order to enable the court to accept a plea of guilty to the lesser included offense (CL 1948, § 750.89; CLS 1961, § 750.529).

4. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY TRIAL JUDGE.
   Contention that trial court committed error in failing to examine defendant as to whether undue influence had been exerted upon him in eliciting a plea of guilty *held*, untenable, where it is clear the trial judge satisfied himself that the plea was voluntary (CL 1948, § 768.35).

5. SAME—PLEA OF GUILTY—EXAMINATION BY TRIAL JUDGE.
   A trial judge must examine one accused of crime and who pleads guilty thereto as to whether the plea was made freely, that

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur, Indictments and Informations §§ 2, 4.
[2] 27 Am Jur, Indictments and Informations §§ 105, 194.
[3] 27 Am Jur, Indictments and Informations § 118.
[4] 21 Am Jur 2d, Criminal Law §§ 485, 486.
[5-7] 21 Am Jur 2d, Criminal Law § 486.
[8] 21 Am Jur 2d, Criminal Law § 504.
[9] 39 Am Jur, New Trial § 6.

it was made with full knowledge of the nature of the accusation, and that the plea was made without undue influence or promise of leniency (CL 1948, § 768.35; GCR 1963, 785.3[2]).

6. SAME—PLEA OF GUILTY—EXAMINATION BY TRIAL JUDGE.

The form and manner of the examination which a trial judge must make before accepting a plea of guilty has not been prescribed, but is left to his discretion, to be exercised by him in the manner best suited to the parties and the offense (CL 1948, § 768.35; GCR 1963, 785.3[2]).

7. SAME—PLEA OF GUILTY—VOLUNTARY CONFESSION—UNDUE INFLUENCE.

One who pleads guilty to a crime charged against him and admits that the confession he had made was of his own free will would be precluded from claiming the trial judge needed to question him specifically as to whether there was any undue influence, for a voluntary confession indicates there was no undue influence (CL 1948, § 768.35; GCR 1963, 785.3[2]).

8. SAME—WITHDRAWAL OF PLEA OF GUILTY AFTER SENTENCE—DISCRETION OF COURT.

The withdrawal of a plea of guilty on motion for new trial after sentence rests upon the sound discretion of the trial judge.

9. SAME—NEW TRIAL—DISCRETION OF COURT.

Record in prosecution for robbery armed in which defendant pleaded guilty to included offense of assault with intent to rob being armed, and that trial court ascertained plea had been made voluntarily and sentenced defendant to 8 to 10 years in prison *held*, not to show there was an abuse of discretion in denying subsequent motion for new trial (CL 1948, §§ 750-.89, 768.35; CLS 1961, § 750.388; GCR 1963, 785.3[2]).

Appeal from Recorder's Court; Davenport (Elvin L.), J. Submitted Division 1 October 7, 1965, at Detroit. (Docket No. 207.) Decided December 20, 1965.

Charles A. Kearns was convicted of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Samuel E. Olsen*,

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Counsel, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Michael D. Silber,* for defendant.

LESINSKI, C. J. On March 14, 1963, upon waiver of a preliminary examination, a criminal information was filed charging the defendant-appellant Charles A. Kearns and an accomplice, James Vista Burnett, with the crime of robbery armed. CLS 1961, § 750.529 (Stat Ann 1963 Cum Supp § 28.797). On April 4, 1963, the date set for trial, appointed counsel informed the court that the defendant desired to withdraw his plea of not guilty and enter a plea of guilty to the included offense of assault with intent to rob being armed. CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). The court then examined the defendant and concluded the plea was given of his own free will. The court accepted defendant's plea, and he was subsequently sentenced to 8 to 10 years in prison.

After sentence on May 13, 1963, a motion for new trial was filed in recorder's court of the city of Detroit seeking to withdraw a plea of guilty alleging (1) that the defendant pleaded guilty for reasons other than his actual guilt, (2) that defendant was not guilty, and (3) that newly-discovered evidence proves that defendant was not guilty. In support of this motion counsel at the hearing in August of 1963 filed four affidavits, one each by the defendant and his three accomplices absolving defendant from any responsibility for the crime. On September 5, 1964, the court denied the motion for new trial. Appeal was taken from this order.

The questions before this Court for determination evolve from the taking of the plea by the trial judge

and his subsequent denial of the motion for new trial.

The first question raised by the appellant inquires into the necessity of amending the information when the judge takes a plea to a lesser included offense. The basic reason for an information is to apprise the defendant of the charges against him. If the information fulfills this requirement, then it is a good and proper information. As early as *People v. Calvin* (1886), 60 Mich 113, the Michigan Supreme Court laid down the guidelines as to what is necessary to inform the defendant. In the *Calvin Case* our Supreme Court said at page 122:

"If the information or indictment, although defective in its averments as to a higher crime, *contains a full description of a lesser offense of the same nature, the respondent cannot complain that he has not had full and sufficient notice of the crime for which he is tried and convicted.*" (Emphasis supplied.)

See, also, *In re Kovacivich* (1948), 323 Mich 310, 314, 315.

In the case at bar, the defendant was fully informed by the information of the included offense of assault with intent to rob being armed. CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). We therefore find no merit to the contention that the trial court was required to amend the information, as it initially informed the defendant of the charge against him.

The next error alleged by the defense inquires into the necessity of extensive examination of the defendant by the trial court prior to accepting a plea of guilty. It is the defense's contention that CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) and GCR 1963, 785.3(2) requires the trial court to interrogate the defendant in three specifically de-

lineated areas, those being: that the plea was made freely, that the plea was made with full knowledge of the nature of the accusation, and that the plea was not contributed to by undue influence. Counsel then contends that the court failed to examine the defendant as to whether undue influence had been exerted upon him in eliciting the plea. The Court does not find merit in this contention. Upon close scrutiny of the examination held by the trial court prior to accepting the plea, it is clear that the trial judge satisfied himself as to its voluntariness. The law requires no more. As our Supreme Court said in its most recent affirmation of the doctrine in *People* v. *Bumpus* (1959), 355 Mich 374, 379, 380 that:

"Both our statutes and our court rules, quoted above, require that upon a plea of guilty to an information *the judge shall satisfy himself* that the plea was made freely, with knowledge of its consequences, and without undue influence or promise of leniency. The *form and manner of this examination by the judge has not been prescribed but is left to the discretion of the judge,* to be exercised by him in the manner best suited to the parties and the offense." (Emphasis supplied.)

See, also, *In re Elliott* (1946), 315 Mich 662, 667, and cases cited therein; *People* v. *Coates* (1953), 337 Mich 56, 72–75 and cases cited therein. It is clear from the above citations that the trial judge in accepting a plea of guilty to a given offense need only satisfy himself as to the freeness, voluntariness and lack of influence in the plea. Yet in this case the examination goes beyond the spirit of the law and does in fact satisfy the letter of the law. The judge herein was very careful to elicit from the defendant during the examination the facts surrounding the crime as well as its voluntariness. As the record shows in part:

"*Q.* Did you confess to the police your part in this?

"*A.* I did.

"*Q.* Of your own free will?

"*A.* Yes, sir, that's right.

"*Q.* Have you told me what you have told me this morning of your own free will?

"*A.* I did."

The fact that defendant answered that the confession was of his own free will would preclude him from now claiming that the judge need specifically question him as to whether there was any undue influence. It is this Court's view that once a person indicates his plea is given of his own free will, it indicates that there was no undue influence. Thus, the Court finds this contention of the defense without merit.

The defense alleges in its last complaint of error that on the motion for new trial which was made after sentence, the trial judge had the mistaken impression that under the law of Michigan a plea of guilty could not be retracted. After close scrutiny of the record, this Court finds no indication that the trial judge was under any misconception as to what the law is regarding withdrawal of a plea of guilty on a motion for new trial after sentence. That law as it stands today rests the right of withdrawal of a plea of guilty after sentence upon the sound discretion of the trial judge. See *People* v. *Vasquez* (1942), 303 Mich 340; *People* v. *Davis* (1964), 372 Mich 402; *People* v. *Zaleski* (1965), 375 Mich 71. It is this Court's determination that the trial judge did not abuse that discretion.

This Court finds no merit in the defense's other allegations of error.

Affirmed. Costs to the appellee.

Fitzgerald and J. H. Gillis, JJ., concurred.