## PEOPLE *v.* PULLIAM.

1. CRIMINAL LAW—WITHDRAWAL OF GUILTY PLEA.
   Grounds assigned for the withdrawal of a plea of guilty must have substance.

2. SAME—WITHDRAWAL OF GUILTY PLEA.
   A request to withdraw a plea of guilty should be granted, where a defense of innocence is asserted at that time and the request is not obviously frivolous and is made before commencement of trial and before sentence.

3. SAME—JURY TRIAL.
   Well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of the right to a jury trial.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]  21 Am Jur 2d, Criminal Law § 504.
[2]  21 Am Jur 2d, Criminal Law §§ 504, 505.
[3]  21 Am Jur 2d, Criminal Law § 221.
[5, 6]  21 Am Jur 2d, Criminal Law §§ 503-506.
[7]  21 Am Jur 2d, Criminal Law §§ 325-327, 487, **489.**
[8]  21 Am Jur 2d, Criminal Law §§ 487, 492.

4. SAME—WITHDRAWAL OF GUILTY PLEA.
   No absolute right to withdrawal of a guilty plea exists.

5. SAME—WITHDRAWAL OF GUILTY PLEA.
   Trial judge need not grant a request to withdraw a plea of guilty, although made before trial and sentence and although innocence is asserted, when persuaded that the request is obviously frivolous.

6. SAME—WITHDRAWAL OF GUILTY PLEA—ROBBERY ARMED.
   Refusal of trial court to allow withdrawal of plea of guilty to charge of robbery armed *held*, proper, where defendant's reasons for withdrawing plea, while persuasive on their face, are unsubstantiated by testimony in the record (CLS 1961, § 750.529).

7. SAME—ARRAIGNMENT—NATURE OF ACCUSATIONS—COURT RULE.
   Claim of defendant who pled guilty to charge of robbery armed that he was not informed of the nature of the accusation against him as required by court rule *held*, not supported by record which shows that information was read to him and that he referred to it during examination by the court before acceptance of his plea (CLS 1961, § 750.529; GCR 1963, 785.3[2]).

8. SAME—ACCEPTANCE OF PLEA OF GUILTY—ADVICE AS TO PUNISHMENT.
   The phrase "consequence of his plea" of guilty, as used in court rule relative to acceptance of such plea by the trial court, bears no relation to advice by the trial judge to a defendant with respect to punishment (GCR 1963, 785.3).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted Division 3 May 8, 1967, at Grand Rapids. (Docket No. 2,403.) Decided March 29, 1968.

Russell Pulliam was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Donald A. Burge*, Prosecuting Attorney, and *John E. Fitzgerald*, Assistant Prosecuting Attorney, for the people.

*Charles E. Martell*, for defendant.

FITZGERALD, P. J.   Defendant was charged with armed robbery* of $500 from a beer store in Kalamazoo.   He stood mute at the arraignment on the information November 29, 1965, and a plea of not guilty was entered on his behalf.   On March 17, 1966, defendant, through his attorney, informed the court he desired to change his plea to guilty.   The trial court questioned him closely on what he had done and whether he was coerced, promised a lighter sentence, or otherwise induced to plead guilty.   The court concluded he was pleading freely, voluntarily, and understandingly to the charge.

On April 25, 1966, the court entered sentence of 20 years minimum and life maximum.   Later, the issue arose that it was irregular to have a sentence with life as a maximum and a term of years as the minimum.   Thereupon, the court set aside the original sentence.   Concurrently, the defendant asked to be allowed to change his plea to not guilty.   A hearing was had on the motion to withdraw the plea on June 20, 1966, on the grounds of promises and coercion.   The court denied defendant's motion to withdraw the plea, finding that he freely, voluntarily, and understandingly entered his guilty plea.   The subsequent sentence was 20 to 40 years with a recommendation that 20 years be the maximum.

Appeal was claimed on the grounds that the trial judge abused his discretion in refusing to grant defendant's motion to withdraw his plea of guilty prior to sentence and that the arraignment procedure did not fulfill the requirements of GCR 1963, 785.3(2).   Defendant also says he was not informed of the consequence of his plea, *i.e.,* that he could be sent to prison.

The most recent pronouncement of our Supreme Court on the question of withdrawal of plea before

---

* CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797),

sentence is the case of *People* v. *Zaleski* (1965), 375 Mich 71, signaling a demarcation of sorts from the old concept that a guilty plea might be withdrawn with impunity at any time prior to sentence. It is this realm that we must deal in, since the record demonstrates that the defendant's first and defective sentence had been vacated.

In effect, *Zaleski,* which upheld the trial court's denial of withdrawal of a guilty plea before sentence, indicates that the grounds assigned for the withdrawal must have substance. Noting that defendant Zaleski sought to withdraw his plea on the ground that he was "extremely nervous and suffering from chronic nervous indisposition and stomach ulcers; because of which, and because of mental obfuscation resulting therefrom, he did not then feel he could physically and mentally withstand the strain of a relatively prolonged jury trial on the merits", the Court, in affirming the denial of the plea withdrawal stated, "The reason offered for doing so is no more persuasive to us than it was to the trial judge".

A concurring opinion carries this concept out, stating:

"Our decision herein should be planted solely upon the paucity of persuasive reason offered by defendant in support of his motion to withdraw his plea, a deficiency of such magnitude that it leaves defendant's motion bordering on the frivolous."

The theme of frivolity recurs throughout *Zaleski,* particularly in reference to the case of *People* v. *Bencheck* (1960), 360 Mich 430, which is quoted as follows:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence,

the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

Continuing its opinion in *Zaleski,* the Court stated:

"While reversing the trial judge's denial of defendant's request to withdraw his guilty plea in *Bencheck,* we reiterated our prior views, expressed in *People* v. *Case* (1954), 340 Mich 526, and *People* v. *Banning* (1950), 329 Mich 1, that there is no absolute right to withdrawal of a guilty plea. While the trial judge's discretion should be exercised with great liberality when such request is made before trial and sentence, as we said in Bencheck, the trial judge need not grant such request, although made before trial and sentence and although innocence is asserted, when persuaded that the request is obviously frivolous."

What then of defendant Russell Pulliam's request to withdraw his plea? Does it measure up to the standards set and likewise is it borne out by the proofs?

We reproduce here the motion for new trial:

"Now comes Russell Pulliam, by his attorney, Charles E. Martell, and moves the court to withdraw a plea of guilty and enter a plea of not guilty for the following reasons:

"1. That sentence has not been given. That the court may in its discretion allow the defendant to withdraw a plea of guilty.

"2. That the plea of guilty was not freely and voluntarily given, and was based upon the implied promise of the Prosecutor's office to the defendant's wife that things would go easier for the defendant if he entered a plea of guilty, and further that the prosecutor's office implied to the defendant's wife

that the sentence would be lighter if a plea of guilty was entered.

"3. That while the defendant was incarcerated in the Kalamazoo county jail his written correspondence was restricted and he was placed in solitary confinement and not allowed to talk to other persons who might have had information about and concerning the alleged crime. This restriction and solitary confinement hampered his ability to aid in his own defense.

"4. The plea of guilty was based upon threats that certain witnesses would testify against the defendant and that the defendant subsequently learned and believes that these witnesses were under duress and that these witnesses were threatened with imprisonment for parole violation. Further, that the defendant believes that the witness or witnesses were promised and received special consideration with respect to sentence and probation."

Promises, threats, isolation and a gamut of questionable practices are alleged in the petition. There can be little doubt that the charges do not border on the "frivolous" and certainly transcend nonpersuasive "stomach trouble" suffered in *Zaleski*.

What, then, faces the trial judge who necessarily must entertain such a petition and what latitudes may his direction range in? It seems to us that such a judge may be faced with two situations:

(a) Nonpersuasive reasons, but true (as in *Zaleski*);

(b) Persuasive reasons, but determined to be not true.

Any variations from these two situations seem to dictate their own answers.

It is in (b) above that we find ourselves. Defendant Pulliam has alleged serious charges and it required 81 pages of transcript to unravel them.

How does the trial court characterize these charges? We can do no better than to illustrate his reaction:

*The Court:* "Now let's go a little further. He talked about implied promises. I never saw a man more indefinite in my life as this man. His testimony on the stand consisted of nothing—well, not nothing—but practically nothing but a bunch of lies, so much so that it nearly nauseates me to listen to his testimony here on the witness stand."

We will not second guess the trial court's assessment of the testimony and accordingly affirm its decision against a new trial. We find no frivolity, but on the other hand we do not find defendant's reasons, however persuasive, substantiated.

The second ground for appeal arose in spontaneous fashion and may be disposed of in the same manner. Raised for the first time on submission of the matter orally, defendant states he was not informed of the nature of the accusations against him pursuant to GCR 1963, 785.3(2).

A reading of the transcript belies this contention. A pertinent portion appears here:

"*Mr. Dalzell:* May it please the court, in the matter of the People *v.* Russell Pulliam, File No. 15-131C, Mr. Pulliam is presently before the court and he is represented by Attorney Charles Martell, who is also present in court. Mr. Pulliam was before Judge Van Valkenburg in this court on November 29, 1965. Also at that time he was represented by counsel. He at that time was furnished—or on the 15th of November, 1965,—he was furnished with a copy of the information and the information was read. I am of the opinion now and am led to understand that Mr. Pulliam desires to waive—or correction—to change the previous plea which the court entered on the 29th day of November, 1965, at which time Mr. Pulliam stood mute and the court entered

a plea of not guilty. I am led to believe there is to be a change of plea.

"*The Court:* Mr. Martell, on the prior occasion was the information read or did you waive the reading?

"*Mr. Martell:* No, Your Honor, it was read.

"*The Court:* It was read. And did the defendant stand mute?

"*Mr. Martell:* Yes, Your Honor, the defendant stood mute.

"*The Court:* I am not the judge who had that, so, I wanted to be sure as to what happened. What is the situation today, Mr. Martell? Does the defendant want to enter a plea now?

"*The Defendant:* Yes, Your Honor.

"*Questions by the court and answers by the defendant:*

"*Q.* All right. You are charged, Pulliam, with armed robbery. It is claimed that last October 24, 1965, here in the city, you committed an armed robbery obtaining approximately $500 in money from the Ideal Beer Store from Richard Olson and Richard Herachleb being armed with a dangerous weapon, to-wit, a gun. You say you want to plead guilty?

"*A.* Yes, Your Honor.

"*Q.* What is it that you did? Tell me and then I will tell you whether or not you are guilty. What did you do, tell me about it.

"*A.* Well, approximately the Information contained what you just read. I held up the Ideal Beer Store.

"*Q.* Were you alone or—

"*(Mr. Martell conversing with the defendant).*

"*Q.* All I want you to do, if you want to plead guilty, is tell me briefly the facts, what happened, who were you with, what did you do, did you have a gun, who had the gun. What did you do in the beer store, if anything. That is what I want to know."

This, and other portions of the transcript, convince us that there is no merit in defendant's contention that he was not informed of the nature of the accusations against him.

On a similar theme, defendant claims that he was not informed of the consequence of his plea, *i.e.,* that he was not told that he might go to prison. The recent case of *People* v. *Charles A. White* (1967), 8 Mich App 220, disposes of this ground for appeal with the words:

"By logic and by the language of Court Rule No 35A (1945) and GCR 1963, 785.3, *the phrase 'consequence of his plea' bears no relation to advice by the trial judge to a defendant with respect to punishment.*" (Emphasis supplied.)

Affirmed.

BURNS and HOLBROOK, JJ., concurred.