PEOPLE *v.* HANLEY

CRIMINAL LAW — PLEA OF GUILTY — WITHDRAWAL OF PLEA.
   Once a plea of guilty has been entered, there no longer exists
      an unfettered right on the part of the accused to withdraw
      the plea and the plea should not be set aside where defendant
      and his attorney requested probation at sentencing which
      the court stated would be inappropriate and defendant then
      claimed his innocence for the first time; on appeal defendant
      offered no reason why he originally pled guilty; and the
      record shows that the request to withdraw the plea is
      merely a dilatory tactic.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 June 15,
1970, at Detroit. (Docket No. 5,312.) Decided July
30, 1970. Leave to appeal denied December 31,
1970. 384 Mich 791.

Ammon Hanley was convicted, on his plea of
guilty, of breaking and entering an unoccupied
dwelling with intent to commit larceny. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Gerald David White,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 491, 503–506.
Plea of guilty or conviction as resulting in loss or privilege
   against self-incrimination as to crime in question.  9 ALR3d
   990.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. On September 11, 1967, the defendant was charged with breaking and entering an occupied dwelling, with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). The accused appeared before the court on October 20, 1967, and, with the assistance of counsel, pled guilty to the lesser-included offense of breaking and entering an unoccupied dwelling with intent to commit larceny. At the sentencing, defendant and his attorney requested rehabilitation (apparently meaning probation) and the court stated that it felt that this would be inappropriate. Defendant then, for the first time, claimed his innocence; the court proceeded to sentence the defendant to prison.

Although neither the defendant nor his counsel made any motion to withdraw the plea of guilty, we shall for purposes of this appeal treat the defendant's protestations of innocence as a motion to withdraw his plea.

Once a plea of guilty has been entered, there no longer exists an unfettered right on the part of the accused to withdraw a plea of guilty. *People* v. *Zaleski* (1965), 375 Mich 71; *People* v. *Whitmer* (1969), 16 Mich App 703; *People* v. *Pulliam* (1968), 10 Mich App 481.

In the instant case, defendant offers no reason why he originally pled guilty; furthermore, our examination of the record reveals that this request is merely a dilatory tactic. Defendant's reference to and reliance on *People* v. *Hollman* (1968), 12 Mich App 231, is misplaced. The Court therein stated that permission to withdraw a plea of guilty must

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

be liberally granted, wherein no trial had commenced and the record showed circumstances that cast grave suspicion upon the veracity and voluntariness of the guilty plea. The trial court properly inquired into the facts and circumstances surrounding the instant case, for determination of the truthfulness and voluntariness of the plea, and any alleged error has not resulted in a miscarriage of justice. *People* v. *Winegar* (1968), 380 Mich 719; *People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Dunn* (1968), 380 Mich 693.

Trial court is affirmed.