PEOPLE *v* GAMBLE

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA.

The trial judge did not abuse his discretion in refusing to grant defendant's motion to withdraw a plea of guilty of second-degree murder, even where he had previously pled guilty of manslaughter and had withdrawn that plea to enter the second-degree murder plea, where the record shows that the defendant voluntarily and understandingly made the plea and the facts recited by the defendant at the time of his original plea were sufficient to establish the crime of second-degree murder and defendant's participation therein.

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—EXAMINATION BY COURT.

*The trial judge was required, by court rule, to examine the voluntariness of a defendant's plea of guilty of second-degree murder where the plea was made after a previous plea of guilty of manslaughter had been made and withdrawn; the plea of guilty of second-degree murder was an entirely new proceeding and the voluntariness of the plea must be established before it can be accepted (GCR 1963, 785.3).*

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

*Defendant's plea of guilty of second-degree murder was improperly accepted where the court made no examination concerning the voluntariness of the plea; the fact that the court had previously examined the defendant concerning the voluntariness of a plea of guilty of manslaughter does not satisfy the court rule; indeed, since the maximum penalty for second-degree murder is greater than for manslaughter, the change of*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 504–506.
  Right to withdraw plea of guilty. 66 ALR 628.
[2, 3] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

*pleas would not indicate that the second-degree murder plea was not freely, understandingly, and voluntarily made.*

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 December 13, 1971, at Detroit. (Docket No. 10684.) Decided March 22, 1972. Leave to appeal denied, 388 Mich 789.

Remy F. Gamble was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

DANHOF, J. Defendant was arrested and charged with murder in the second degree, MCLA 750.317; MSA 28.549. A preliminary examination was held and defendant was bound over on the charge. On April 6, 1970, defendant appeared for arraignment and offered to plead guilty to the lesser offense of manslaughter, MCLA 750.321; MSA 28.553. His plea was not accepted at that time. On September 8, 1970, defendant again appeared before the judge and entered a plea of guilty to manslaughter which was accepted. On September 29, 1970, date set for sentencing, defendant again appeared before the Honorable John R. Murphy, Recorder's Court Judge, at which time the following transpired:

"*The Court:* \* \* \* [Defendant] was here on September 28, 1970 [*sic*] and he was charged with second-degree murder and he pled guilty to manslaughter. You are here today for sentencing. Do you have anything to say?

"*Mr. MacDonald:* Yes, your Honor. Prior to the sentencing I have discussed with Mr. Gamble the nature of the original charge, that is murder in the second degree, as well as what ultimately pled to, manslaughter.

"Having had the discussion with Mr. Gamble and there being no promises or threats or inducements to my knowledge to Mr. Gamble, it is my understanding at this time that he would like to withdraw the plea of guilty to the charge of manslaughter and enter a plea of guilty to the charge in the information, that being murder in the second degree.

"*The Court:* Do you have any objections?

"*Mr. Healy:* I have no objections, your Honor.

"*The Court:* Mr. Gamble, is that your desire?

"*Mr. Gamble:* Yes, sir.

"*The Court:* Do you know that the maximum posssible penalty is life imprisonment?

"*Mr. Gamble:* Yes, sir.

"*The Court:* You know that that also gives the court certain discretion in setting a mandatory maximum?

"*Mr. Gamble:* That's right.

"*The Court:* With manslaughter you have no discretion on the maximum and with the second degree I can set the maximum that I want to set, you understand that?

"*Mr. Gamble:* Yes, sir.

"*The Court:* Do you want to withdraw your plea of guilty on the manslaughter charge and you want to plead guilty to second-degree murder?

"*Mr. Gamble:* Yes, sir.

"*The Court:* I will accept the plea. Are you ready for sentencing?

"*Mr. MacDonald:* We are ready for the immediate sentencing, your Honor."

Defendant was sentenced for the crime of second-degree murder to a prison term of from 7–1/2 to 10 years. The claim of appeal was filed and the matter was remanded to the trial court to allow the defendant to file post-conviction motions. On May 8, 1971, the defendant filed motion to withdraw his plea of guilty, which motion was denied on May 21, 1971.

Defendant appears alleging an abuse of discretion on behalf of the trial judge in refusing to grant his motion.

A motion to withdraw a guilty plea after conviction and sentence must be based upon a showing of a miscarriage of justice and addresses itself to the sound discretion of the court. *People* v *Winegar,* 380 Mich 719 (1968), *People* v *Kearns,* 2 Mich App 60 (1965).

Examination of the record does not disclose an abuse of discretion in this case. The record shows that the plea of the defendant was voluntarily and understandingly made, and that the facts recited by the defendant at the time of his original plea to manslaughter are sufficient to establish the crime of second-degree murder and the defendant's participation therein. *People* v *Rufus Williams,* 386 Mich 277 (1971); GCR 1963, 785.3. While at first glance it might seem illogical to withdraw a plea of guilty to manslaughter in favor of a plea to second-degree murder, the reasoning therefor is obvious when one examines the sentence. The maximum set by the trial judge was five years less than that mandated for manslaughter. The defendant freely, understandingly, voluntarily, and with counsel, made a deliberate choice. He should now abide by it.

Affirmed.

HOLBROOK, P. J., concurred.

T. M. BURNS, J. (*dissenting*). I cannot agree with the majority opinion. When defendant appeared before the court and pleaded guilty to second-degree murder, there was no examination of the defendant by the court. GCR 1963, 785.3(2) provides:

"Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

While aware that under *People* v *Winegar,* 380 Mich 719, 731 (1968), a plea of guilty will not be set aside after sentence because of failure by the examining judge to comply *in illis verbis* with GCR 1963, 785.3(2), in the instant situation there was no attempt to comply with the rule at all. The trial judge, except for explaining the difference between manslaughter and second-degree murder, relied entirely upon his previous examination of the defendant at the prior arraignment when he had pleaded guilty to manslaughter. In my opinion this was error.

Defendant's appearance before the court to plead guilty to second-degree murder constituted an entirely new proceeding. It was, therefore, necessary for the court to comply with the procedures set forth in the court rule before accepting the plea despite

the fact that defendant had previously appeared before the court and pleaded guilty to an entirely different offense.

In *People v Dunn*, 380 Mich 693, 700–701 (1968), the Michigan Supreme Court stated:

"We do not find that 'consequence of his plea' has been precisely defined in any prior decision of this Court as that phrase is used in GCR 1963, 785.3. We here hold that the meaning of the 'consequence' of a plea of guilty, within the wording of the rule, is that an accused, by so pleading, waives his right to trial by jury, or trial without a jury by the court, and that additionally the accused subjects himself to whatever penalty is prescribed by law, including possible confinement in a penal institution. Under the rule, the accused must be advised minimally of the foregoing."

Defendant was not advised of his right to a trial by jury or a trial by the court. Therefore, since this was a proceeding separate and distinct from his appearance before the court when he pleaded guilty to manslaughter, and since the court did not meet the minimal requirements set forth in *Dunn, supra*, this cause should be reversed.

There is another and more important reason for reversing. Although it might be said that defendant knew the "consequence of his plea" because he had been informed at the earlier arraignment of his right to a trial by a jury or the court, it cannot be said that defendant's plea was "freely, understandingly, and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency".

From a barren record it is impossible to determine why defendant chose to withdraw his plea of guilty to manslaughter with a maximum penalty of 15 years and enter a plea of guilty to second-degree

murder which has a maximum penalty of life imprisonment. It would appear, therefore, that the procedure set forth in the rule would be more important in this situation than under more normal circumstances where the defendant is pleading to the crime charged or to a lesser included offense.

Since defendant's appearance before the court to withdraw his plea of guilty to manslaughter and enter a plea of guilty to second-degree murder constitutes a separate distinct proceeding, it is my opinion that the trial judge was again under a duty to make a determination that the plea was freely, understandingly, and voluntarily made, as required by the cited rule.

Since the trial court made no examination of the defendant, there is no way of knowing from the record whether or not defendant's plea of guilty was freely and voluntarily made. The trial court simply assumed that because defendant's earlier plea of guilty to manslaughter was voluntary, so was his plea to second-degree murder. The court rule, however, mandates an examination of the defendant by the trial court, not assumptions. It is, therefore, my opinion that the trial court failed to comply with GCR 1963, 785.3, and its failure to do so constitutes reversible error.

I vote to reverse and remand.