PEOPLE v WINEGAR

CRIMINAL LAW—SENTENCING—GUILTY PLEAS—MOTIONS TO WITHDRAW
—TESTS—RECONSIDERATION OF SENTENCE.

The withdrawal of a defendant's guilty plea should be permitted with great liberality prior to the imposition of sentence, but a motion to withdraw a guilty plea after sentencing has occurred should be based on a showing of a miscarriage of justice; where a defendant's sentence is ruled voidable on appeal and is remanded for reconsideration, a motion to withdraw his guilty plea made prior to the reconsideration of sentence should be tested by the miscarriage of justice standard.

Appeal from Ingham, Thomas L. Brown, J. Submitted June 15, 1977, at Lansing. (Docket No. 26845.) Decided October 10, 1977.

William Winegar, following adverse results in Michigan courts, petitioned for habeas corpus in the United States District Court for the Western District of Michigan. The Federal District Court remanded to Ingham County Circuit Court for a reconsideration of the sentence resulting from his conviction, on his plea of guilty, of assault with intent to murder. A life sentence was reimposed by the circuit court. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Lee W. Atkinson,* Chief Appellate Attorney, for the people.

*Michael E. Turner,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 504–506.

Before: D. E. Holbrook, Jr., P. J., and Allen and D. R. Freeman,* JJ.

D. R. Freeman, J. Defendant appeals an October 10, 1975, sentence and denial of his motion to withdraw a guilty plea which was accepted in 1961.

Defendant was convicted upon his plea of guilty on November 17, 1961, of assault with intent to commit murder, MCLA 750.83; MSA 28.278. Defendant was sentenced to life imprisonment on January 4, 1962. In 1965 defendant moved to withdraw his plea. His motion and an amended motion were denied on April 26, 1965. This Court reversed defendant's conviction and remanded for trial in a published opinion. *People v Winegar,* 4 Mich App 547; 145 NW2d 257 (1966). The Supreme Court reversed and held that defendant's claims did not present a miscarriage of justice nor did they demonstrate that the plea was not free and voluntary. *People v Winegar,* 380 Mich 719; 158 NW2d 395 (1968).

Following the adverse results in Michigan courts, defendant sought habeas corpus relief in Federal district court. In 1975, after several attempts which had failed, defendant's petition was granted and a Federal judge remanded the case to circuit court to determine whether the original sentence was based, in any part, on two prior invalid convictions. The two convictions were invalid because defendant was not represented by counsel in those cases.

Upon remand the judge who originally accepted defendant's plea and sentenced defendant was not available. The judge presiding over the remand expressly stated he would exclude from his consideration the counselless convictions, as well as other items objected to by defendant. Defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentence of life imprisonment was then reimposed. Prior to the sentencing defendant had made a motion to withdraw his guilty plea. The motion was denied by the circuit judge. Defendant now appeals the denial of his motion and his sentence.

Although defendant was represented by counsel in this appeal, this Court permitted defendant to submit a brief *in propria persona.* The two defense briefs raise several issues, some of which have already been answered in *People v Winegar,* 380 Mich 719; 158 NW2d 395 (1968). Only one issue merits extensive discussion.

Defendant contends that since he moved to withdraw his plea before the imposition of the most recent sentence, the motion to withdraw should have been permitted under the great liberality standard applicable to presentence plea withdrawals. *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), *People v Boone,* 47 Mich App 548; 209 NW2d 693 (1973). Defendant relies on two cases, *People v Martin,* 316 Mich 669; 26 NW2d 558 (1947), and *People v Pulliam,* 10 Mich App 481; 157 NW2d 302 (1968), for the proposition that once a prior sentence is invalidated, a plea withdrawal motion is to be measured by the presentence standards.

In *People v Martin, supra,* the trial court failed to follow statutory provisions requiring an open-court determination of guilt and the degree of the crime when accepting a guilty plea. Defendant was charged with the crime of murder to which he pled guilty. Following his plea an order was entered finding that defendant had pleaded guilty to murder in the first degree. The Supreme Court stated that:

"It is the clear intent and meaning of the statute that

the court shall proceed to a determination of the degree of the crime on the basis of testimony given by .witnesses sworn and examined in open court. Not having done so, the court could not, as the statute provides, 'render judgment accordingly,' and it was, therefore, without jurisdiction to impose sentence. It follows that the sentence is invalid and void.

\* \* \*

"But involved here is more than a mere error in procedure. \* \* \* Here defendant was deprived of an essential right, the observance of which is made mandatory by statute.

\* \* \*

"The case is thus left as upon a plea of guilty before sentence." 316 Mich at 672, 673.

In *People v Pulliam, supra,* the defendant's sentence was vacated because a life sentence had been imposed with a term of years as the minimum. A motion by the defendant to withdraw his prior plea before resentencing was denied. On appeal, this Court applied the great liberality standard to defendant's motion to withdraw his plea, but affirmed because even under that standard the defendant failed to meet his burden.

The instant case is distinguishable from *People v Martin, supra,* and *People v Pulliam, supra.* There is no doubt that the trial court in the instant case had the jurisdiction to impose the sentence it did. This was decided by our Supreme Court in its *People v Winegar* decision. The sentence imposed was also a legitimate sentence for the crime charged. Defendant's sentence was voidable, at best, and not void as in *Martin* and *Pulliam.* Use of the great liberality standard, therefore, would be improper in this case. This case does not present the same situation as that which prevails before a sentence is given.

The standard to apply in the instant case is that for a plea withdrawal motion after sentencing. Such a motion must be based on a showing of a miscarriage of justice. *People v Winegar,* 380 Mich 719; 158 NW2d 395 (1968). The reasons presented by defendant in this appeal are the same as those he presented to our Supreme Court in *People v Winegar, supra.* They were not sufficient to show a miscarriage of justice at that time; nor are they now. Defendant's motion was properly denied.

Defendant's contention that his present sentence is invalid because of improper information, including two invalid prior convictions, in the presentencing report is answered by *People v Johnson,* 58 Mich App 473; 228 NW2d 429 (1975). The judge here, as in *Johnson,* expressly stated on the record that he would not consider the invalid convictions or the objectionable information.

Affirmed.