PEOPLE v LIPPERT

1. Criminal Law—Plea of Guilty—Prosecutors—Proof of Guilt—
   Reasonable Doubt.

   Defendants who plead guilty waive their right to insist that a
   prosecutor prove them guilty beyond a reasonable doubt.

2. Criminal Law—Plea of Guilty—Withdrawal of Plea—Convic-
   tion and Sentence—Reasonable Doubt—Judge's Discretion
   —Miscarriage of Justice.

   A defendant who seeks to set aside his plea after conviction and
   sentencing must do more than create a reasonable doubt as to
   his guilt; his motion is addressed to the discretion of the trial
   court which must make a determination as to whether the
   defendant has shown that his prior guilty-plea conviction was a
   miscarriage of justice.

3. Criminal Law—Plea of Guilty—Withdrawal of Plea—Claim
   of Innocence—Retrial on Original Charge.

   A defendant who makes a belated claim of innocence and asks to
   be allowed to withdraw his guilty plea even though no proce-
   dural error occurred may be retried on the original charge if
   his request is granted.

Appeal from Gratiot, Leo W. Corkin, J. Submit-
ted October 12, 1977, at Lansing. (Docket Nos. 77-
2279, 77-3686.) Decided November 22, 1977.

Phillip L. Lippert was convicted, on his plea of
guilty, of second-degree murder. Defendant moved
to set aside his plea. Motion granted and cause
remanded to district court for a preliminary exam-
ination on the original charge of first-degree mur-
der. The people appeal by leave granted from the

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 503–506.

order granting defendant's motion to withdraw his guilty plea. Defendant appeals from that portion of the order which allows the prosecutor to refile the original first-degree murder charge. Affirmed in part, reversed in part and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard D. Gay,* Prosecuting Attorney, *Randy L. Tahvonen,* Special Prosecuting Attorney, for the people.

*Reid & Reid, P. C.* (by *Joseph D. Reid* and *Lawrence J. Emery),* for defendant.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

ALLEN, J. In 1971, defendant, Phillip Lee Lippert, was charged with first-degree murder, MCLA 750.316; MSA 28.548, and pleaded guilty to second-degree murder, MCLA 750.317; MSA 28.549. He was sentenced to life in prison and began serving that sentence in 1971. This Court affirmed that conviction and sentence in an unpublished order dated September 23, 1971. We accepted appellate defense counsel's assertion that there were no meritorious grounds for an appeal. See *Anders v California,* 386 US 738; 87 S Ct 1396; 18 L Ed 2d 493 (1967).

On February 18, 1976, more than five years after sentencing, defendant filed a motion for a new trial in the trial court. By supporting affidavit, defendant alleged that he had been innocent of the charged offense and that both his limited participation in the crime and his subsequent guilty plea had been the product of duress applied

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

by one of his codefendants. The motion for a new trial was also supported by an affidavit from that codefendant confirming the defendant's allegations.

An evidentiary hearing was held. At that hearing, the codefendant for the most part recanted his recantation, although his testimony did support the defendant's allegations in some respects. Faced with a defense motion to set aside the plea on the ground that the plea had not been voluntarily entered, the trial judge denied that motion. He reasoned that a defendant bringing such a motion must establish involuntariness by a preponderance of the evidence. And he concluded that the defendant had failed to meet that burden.

Two weeks later, the motion for a new trial was renewed—this time, based on an allegation that the plea had been untruthful. Having previously ruled that a defendant seeking to set aside his plea based on allegations of untruthfulness need only establish a reasonable doubt as to his guilt, the trial judge found that the defendant had met that burden. He therefore set aside the earlier plea and conviction and ordered the defendant remanded to district court for a preliminary examination on the original charge of first-degree murder.

We granted leave for the prosecutor to appeal from that order. The prosecutor argues that the "reasonable doubt" standard used by the trial judge in this context is too lenient. The prosecutor urges us to announce a standard that should be followed by all trial judges when defendants seek to set aside their guilty pleas after sentencing. He naturally argues that the standard we propound should be more difficult to satisfy than the one applied by the trial judge in this case.

The defendant joins with the prosecutor in ask-

ing this Court to speak authoritatively on the question of what standard trial courts should use in this type of situation. However, defendant argues that the standard should be one of trial court discretion and that this Court should affirm trial court rulings in the absence of an abuse of discretion. Also, defendant has brought his own appeal from that portion of the trial judge's order which allowed the prosecutor to refile the original first-degree murder charge. The defendant argues that, pursuant to *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), the highest possible charge against the defendant is second-degree murder.

## The Motion to Set Aside the Plea

The trial judge set aside the defendant's guilty plea because, after hearing the testimony at the evidentiary hearing, he had a reasonable doubt as to the defendant's guilt. The principal authority for the use of a reasonable doubt standard in this context was *People v Taylor,* 383 Mich 338; 175 NW2d 715 (1970) (opinion of Brennan, C. J.). Although four justices concurred in some parts of Chief Justice Brennan's opinion, the portion cited by the trial judge in this case was dicta and was approved by only one other justice.

The trial judge in this case recognized that the precedential value of *Taylor* was questionable. However, he was unable to find any other directly on point authority and concluded that "[i]n any event, the opinion of two justices of the Supreme Court does carry considerable weight". We appreciate the trial court's dilemma but we believe that the standard proposed by Chief Justice Brennan in his *Taylor* opinion was not appropriate in the present case. We therefore remand this case to the

trial court for reconsideration in light of the following discussion.

The precise question before us is: what standard should a trial court apply when a defendant returns after pleading guilty and being sentenced, and belatedly contends that he is innocent after all and pled guilty only as a matter of convenience? In answering this question, we must balance two concerns. First, relief should be available to a defendant who was wrongly convicted even if he was convicted on his own then untruthful admissions. Second, the people are entitled to insist that this relief be available only where a defendant makes a strong showing of innocence. In the vast majority of cases—especially where the defendant pleads guilty—the case should remain closed after the initial right of appeal has been exhausted. Otherwise, there will be no finality in the plea taking system.

While the relief granted in the present case may or may not be appropriate, we believe that the standard employed by the trial judge was too lenient and would allow for the reopening of too many cases. As the prosecutor points out in his brief, defendants who plead guilty waive their right to insist that the prosecutor prove them guilty beyond a reasonable doubt. This waiver would be meaningless if it could be upset at any time when a defendant believed that he could make a showing of reasonable doubt. In fact, it would be worse than meaningless since, in some cases, it could effectively serve as a means of obtaining a long continuance and allow a defendant to come back and demand a trial at such time as he believed the prosecution would no longer be able to assemble an effective case.

It is, of course, impossible to produce an exact

formula which will objectively determine all such
disputes. But we do wish to emphasize that a
defendant who seeks to set aside his plea after
conviction and sentencing must do more than
create a reasonable doubt as to his guilt. We think
that the appropriate test is found in *People v
Winegar,* 380 Mich 719; 158 NW2d 395 (1968).[1] In
that decision, the Supreme Court held that, where
a defendant seeks to set aside a plea following
conviction and sentence, his motion is addressed to
the discretion of the trial court which must make
a determination as to whether the defendant has
shown that his prior guilty-plea conviction was a
"miscarriage of justice". 380 Mich at 730–731.

The defendant in *Winegar* pleaded guilty and
was sentenced in 1961, then returned to the trial
court in 1965 with a motion to set aside his plea.
In support of that motion, he made two argu-
ments. First, he contended that the trial judge had
not complied with the court rule procedures gov-
erning the taking of guilty pleas. Second, he stated
that he was innocent of the charges against him
and that he had pled guilty only because the police
had withheld medical treatment from his wounded
codefendant and threatened the safety of his preg-
nant wife. Based on those allegations, this Court
reversed the trial court and set aside Winegar's
guilty plea. (4 Mich App 547; 145 NW2d 257
[1966]). However, the Supreme Court reversed this
Court and reinstated the conviction. The Supreme
Court opinion states that a defendant cannot ob-
tain relief from his plea, based on mere procedural
irregularities, unless he makes a showing that a
miscarriage of justice has occurred. The Supreme
Court concluded that Winegar's assertions of inno-

[1] Winegar recently reappeared in this Court as *People v Winegar,*
78 Mich App 764; 261 NW2d 45 (1977).

cence were not sufficiently persuasive to establish that a miscarriage of justice had occurred.

*Winegar* might be distinguished from the present case because that defendant was relying upon a procedural error by the trial court as well as his own assertions of innocence. But we see no sound reason for drawing that distinction. If the miscarriage of justice standard applies where both procedural errors and allegations of innocence are raised, standards should obviously be at least as strict where the parties concede that the trial judge fully complied with all procedural requirements.

The *Winegar* rule was followed by this Court in *People v Gamble,* 39 Mich App 227; 197 NW2d 500 (1972), and when the Winegar case recently reappeared in this Court. *People v Winegar,* 78 Mich App 764; 261 NW2d 45 (1977).

A very similar rule is recommended by the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (1968 Approved Draft), Standard 2.1:

"2.1 Plea withdrawal.
(a) The Court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.
(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence."

Although we have rejected the legal standard employed by the trial judge, we do not mean to express any opinion as to what his ruling should be on remand. Our concern was that the reasona-

ble doubt standard employed by Judge Corkin would allow for the reopening of too many guilty plea cases years after conviction, sentence and supposedly final appeal. We believe that the tougher standard adopted in *People v Winegar, supra,* and also set forth in the ABA standards relating to guilty plea cases, *supra,* will protect against abuse while also assuring that relief will be available in exceptional cases. We recognize Judge Corkin's greater familiarity with this case. We reverse only so that he may apply the proper legal standard. *Winegar* indicates that his ultimate decision as to whether a miscarriage of justice has occurred should be affirmed unless an abuse of discretion can be shown.

## The McMiller Issue

Judge Corkin's order provided that the previous conviction should be set aside and that the defendant could be tried on the original charge of first-degree murder. In his appeal in Docket No. 773686, the defendant argues that he cannot be tried for a charge higher than the one on which he was previously convicted, *viz.,* second-degree murder. The defendant relies upon *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), and *People v Thornton,* 70 Mich App 508; 246 NW2d 9 (1976). However, *McMiller* has so far been limited to situations in which a guilty plea is set aside because of a procedural error in the plea-taking process. The rather restrained reaffirmation of *McMiller* which appears in *Guilty Plea Cases,* 395 Mich 96, 135; 235 NW2d 132 (1975), indicated that application of the *McMiller* rule is appropriate in the context of a procedural error because the prosecutor shares the responsibility for notifying the trial judge if a procedural error occurs. How-

ever, where a defendant makes a belated claim of innocence and asks to be allowed to withdraw his guilty plea even though no procedural error occurred, he may be retried on the original charge if his request is granted. *Moore v Ninth District Judge,* 69 Mich App 16; 244 NW2d 346 (1976), *People v Moore,* 74 Mich App 195; 253 NW2d 708 (1977). The facts of the present case call for an application of the rule announced in the two *Moore* cases. We therefore affirm that portion of the trial court's order which allowed the prosecutor to once again charge defendant Lippert with first-degree murder. Obviously this aspect of our holding will be relevant only if Judge Corkin again sets aside the 1971 guilty plea.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.