## PEOPLE v MICHELLE

1. CRIMINAL LAW—NOLO CONTENDERE—PLEAS—FACTUAL BASIS—PRE-
   LIMINARY EXAM TRANSCRIPT.

   The factual basis for a nolo contendere plea may be established
   by reference to the preliminary examination transcript when
   such a plea is appropriate.

2. CRIMINAL LAW—NOLO CONTENDERE—PLEAS—FACTUAL BASIS—ESPE-
   CIAL CIRCUMSTANCES.

   Not every circumstance will justify the acceptance of a nolo
   contendere plea without the direct interrogation of the defend-
   ant to establish a factual basis, but any expression of reason
   with any degree of authenticity imaginable is likely to be
   accepted; the reason given, however, must express "especial
   circumstances" why direct questioning to establish a factual
   basis for the plea is not available.

3. CRIMINAL LAW—NOLO CONTENDERE—PLEAS—DIRECT QUESTIONING
   —ESPECIAL CIRCUMSTANCES.

   Direct questioning of a defendant to establish a factual basis for a
   nolo contendere plea is impossible, and therefore, "especial
   circumstances" are presented, where the defendant is unwill-
   ing, because of the sordid nature of an alleged crime or a risk
   of civil litigation, or unable, due to faulty recollection, to
   provide a factual basis for the plea in response to direct
   questioning.

4. CRIMINAL LAW—NOLO CONTENDERE—PLEAS—FACTUAL BASIS—UN-
   RELATED CHARGES.

   There is insufficient reason presented by the trial court to justify
   the acceptance of a proffered nolo contendere plea where the
   defendant enters the plea to the charged offense in exchange
   for the dismissal of an unrelated charge and where there is no
   showing that the defendant would have been unwilling to
   provide a factual basis for his plea or that the preferred
   method of direct questioning was otherwise unavailable.

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 21 Am Jur 2d, Criminal Law §§ 497–502.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

5. Criminal Law—Nolo Contendere—Pleas—Court Rules—Factual Basis.

   A bare conclusion by the judge that the interests of a defendant who has offered to plead nolo contendere did not require interrogation of the defendant regarding his participation in the crime charged was not a sufficient reason which would justify acceptance of the plea of nolo contendere and departure from the direct questioning method of establishing a factual basis for the plea (GCR 1963, 785.7[3]).

Appeal from Berrien, William S. White, J. Submitted May 7, 1975, at Grand Rapids. (Docket No. 20119.) Decided June 14, 1976.

Sam Michelle was convicted, on his plea of nolo contendere, of assault with a dangerous weapon. Defendant appeals. Remanded for supplementation of the record.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Scott T. Beatty,* Assistant Prosecuting Attorney, for the people.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and Bashara and M. J. Kelly, JJ.

M. J. Kelly, J. Defendant was charged with assault with a dangerous weapon, MCLA 750.82; MSA 28.277. He entered a nolo contendere plea to the charged offense in exchange for the dismissal of an unrelated concealed weapon charge and an agreement by the prosecutor not to charge him as an habitual offender. He was sentenced to a term of 2-1/2 to 4 years and appeals. ·

Defendant claims that the trial court erred in

relying upon the preliminary examination transcript to establish a factual basis for accepting defendant's plea. This was not error. Where a nolo plea is appropriate, a factual basis for the plea may be established by reference to the preliminary examination transcript. *People v Chilton,* 394 Mich 34; 228 NW2d 210 (1975). Although GCR 1963, 785.7(3)(d) was not in effect at the time of the crime, the court expressly stated:

"Even if it were applicable, it would have no bearing on this opinion." 394 Mich at 36, fn 1.

Defendant also claims that the plea of nolo contendere was improperly taken because the trial court failed to comply with GCR 1963, 785.7(3)(d):

"Where a plea of nolo contendere is made the court shall not interrogate the defendant regarding his or her participation in the crime. However, the court may not accept a plea of nolo contendere unless there has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere and unless the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime."[1]

The trial court stated on the record that "[b]ecause of the other charges against the defendant, the Court feels that the interest of the defendant

---

[1] Many trial judges have difficulty grappling with the requirements of the last four lines of the quoted rule. This writer would be very sympathetic to a change in the rule eliminating "unless the judge first states", etc. and inserting instead, after the words "nolo contendere", "and if the judge then accepts the plea, he will be presumed to have done so for the convenient and proper administration of justice, including the interests of both the defendant and the plaintiff".

does not require interrogation of him regarding this matter".

We disagree with the plaintiff's assertion that GCR 1963, 785.7(3)(d) is satisfied whenever the trial court states a reason on the record for accepting a nolo plea and that the sufficiency of the reason may not be weighed on appeal. The purpose of requiring a statement of reasons on the record is so that the reasons may be reviewed on appeal. Moreover, the Supreme Court's discussion of this requirement in *Guilty Plea Cases,* 395 Mich 96, 132–135; 235 NW2d 132 (1975), clearly implies that not every circumstance will justify the acceptance of a nolo plea.

The Supreme Court has said that the pertinent section of the court rule expressed the court's preference for interrogation of the defendant and for reliance on his responses to establish a factual basis. It was said that "especial circumstances justifying departure from the norm of direct questioning" were required by the rule. The Court noted that direct questioning would be impossible in cases where a defendant was unwilling or unable to admit guilt or relate details of the alleged criminal conduct and suggested several sets of circumstances under which acceptance of a nolo plea would be justified. Each of the suggestions related circumstances in which a defendant would be unwilling, because of the sordid nature of an alleged crime or because of a risk of civil litigation, or unable, due to faulty recollection, to provide a factual basis for his plea in response to direct questioning. *Guilty Plea Cases, supra,* at 134. Although the Court stated that its enumeration of possible justifications for accepting a nolo plea was not meant to be exhaustive, it would appear from the discussion of the reason for the

requirement of GCR 1963, 785.7(3)(d) and the nature of the justifying circumstances which were said to be sufficient, that the reason given must express "especial circumstances" why the preferred method of direct questioning to establish a factual basis is not available. We would be inclined to accept any expression of reason with any degree of authenticity imaginable. See *People v Maciejewski,* 68 Mich App 1; 241 NW2d 736 (1976).

We hold that the reason given by the trial court in this case was insufficient to justify acceptance of the proffered nolo plea. The plea transcript reveals that as part of the plea agreement reached the prosecution agreed to drop a pending unrelated charge. That other charge provides no reason to infer that the defendant would have been unwilling to provide a factual basis for this plea or that the preferred method of direct questioning was otherwise unavailable.

Remanded for supplementation of the record. If the trial judge is unable to state adequate reasons, the conviction is vacated and we retain no jurisdiction. If the trial court shall state its reasons for accepting the plea within 30 days of the release of this opinion, it shall advise this Court, by opinion, of the reasons. If the reasons are upheld, we will then remand for resentencing.