PEOPLE v FIELDS

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—ACCEPTING NOLO
   CONTENDERE PLEA—COURT RULES.

   A trial court complied with the requirements of the court rule
   regarding the acceptance of a plea of nolo contendere where
   the record discloses that the court conducted a hearing estab-
   lishing substantial support for a finding that the defendant was
   in fact guilty of the offense to which he offered the plea (GCR
   1963, 785.7[3] [d]).

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—ACCEPTING NOLO
   CONTENDERE PLEA—FACTUAL BASIS.

   *There was no basis for the acceptance of a plea of nolo conten-
   dere to felonious assault where the sole factual basis for the
   plea was provided by the prosecutor reading into the record an
   unsworn statement of unknown origin in which it was alleged
   that the defendant beat his wife, and where no witnesses were
   presented, no testimony was given and no prior transcript was
   introduced.*

Appeal from Recorder's Court of Detroit, Dalton
A. Roberson, J. Submitted June 10, 1976, at De-
troit. (Docket No. 26337.) Decided September 8,
1976.

Robert H. Fields was convicted, on his plea of
nolo contendere, of felonious assault. Defendant
appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 497 *et seq.*
Plea of nolo contendere or non vult contendere. 152 ALR 253, s. 89
   ALR2d 540.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Michael P. O'Neill,* for defendant.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

J. H. Gillis, P. J. On June 13, 1975 defendant pled nolo contendere to the crime of felonious assault, MCLA 750.82; MSA 28.277, which plea the court accepted. Following sentence, defendant appeals.

One issue is raised for our consideration: Was the defendant's plea of nolo contendere made in conformance with GCR 1963, 785.7(3)(d)?

An examination of the record discloses that the trial court complied with these requirements in that the court conducted a hearing establishing substantial support for a finding that the defendant was in fact guilty of the offense to which he offered the plea of nolo contendere.

Affirmed.

W. Van Valkenburg, J., concurred.

T. M. Burns, J. *(dissenting).* Defendant pled nolo contendere to felonious assault.

Defendant claims on appeal that the trial court's acceptance of the plea was reversibly erroneous for failure to comply with GCR 1963, 785.7(3)(d). I agree.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The court rule in effect at the time of the plea, GCR 1963, 785.7(3)(d), read in part as follows:

"[T]he court may not accept a plea of nolo contendere unless there has been or the judge thereupon conducts a hearing establishing substantial support for a finding that the defendant is in fact guilty of the charged offense or the offense to which he is offering the plea of nolo contendere * * * ."

The trial court did not conduct a hearing establishing substantial support for a finding that the defendant was in fact guilty of felonious assault. The sole factual basis for the plea was provided by the prosecutor reading into the record an unsworn statement of unknown origin in which it was alleged that the defendant beat his wife. No witnesses were presented, no testimony was given, no prior transcript was introduced. In short there was no factual basis for the plea. Reversal is mandated. *People v Spann,* 60 Mich App 48; 230 NW2d 302 (1975), *People v Curry,* 48 Mich App 545; 210 NW2d 791 (1973).

I would reverse and remand for a new trial.