PEOPLE v MOORE

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—COURT'S DISCRETION.

A motion to withdraw a guilty plea is left to the discretion of the trial court but that discretion should be exercised with great liberality.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—CASE PRECEDENT.

There is no case precedent which holds that a defendant has an absolute right to the withdrawal of a plea of guilty.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—CLAIM OF INNOCENCE—DEFECTS IN PLEA PROCESS.

Withdrawal of a guilty plea is allowable where the defendant has belatedly asserted innocence or alleged some defect in the plea taking process.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—HIGHER OFFENSES—LESSER OFFENSES.

A defendant may be tried on the initial charges brought against him after he has been permitted to withdraw his plea of guilty to a reduced charge where the withdrawal of his plea is not based on a claimed defect in the plea to the reduced charge.

Appeal from Oakland, Richard D. Kuhn, J. Submitted October 14, 1976, at Lansing. (Docket No. 27980.) Decided March 3, 1977.

James V. Moore was convicted, on his plea of guilty, of attempted second-degree criminal sexual

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Withdrawn guilty plea, propriety of showing, in criminal case. 86 ALR2d 326.

[4] 21 Am Jur 2d, Criminal Law §§ 185–187, 189, 212, 494–496.

conduct. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Keller & Avadenka, P. C.,* for defendant on appeal.

Before: D. F. WALSH, P. J., and ALLEN and L. W. CORKIN,* JJ.

PER CURIAM. The defendant was initially charged with first-degree criminal sexual conduct, second or subsequent offense, MCLA 750.520b; MSA 28.788(2), MCLA 750.520f; MSA 28.788(6). On December 11, 1975, pursuant to a negotiated plea agreement, he pled guilty to an added reduced charge of attempted second-degree criminal sexual conduct, MCLA 750.520c; MSA 28.788(3), MCLA 750.92; MSA 28.287. Defendant was subsequently sentenced to a prison term of 40 months to 5 years with credit for time served.

On appeal, defendant does not allege that the plea procedure was defective in any way. He argues instead that the trial judge erred by refusing to allow him to withdraw his plea at the sentencing hearing. Prior to sentencing, the trial judge offered the defendant an opportunity to address the court as required by GCR 1963, 785.8(2). The following exchange ensued:

"THE COURT: Anything you care to say?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"DEFENDANT MOORE: Yes, sir, I am going to take my cop out back, I want a new lawyer and everything.

"THE COURT: Anything you care to say?

"DEFENDANT MOORE: That's it.

"THE COURT: All right. Mr. Moore, it is the sentence of this court that you serve 40 months to 5 years in the State Prison * * * ."

The defendant clearly asked to withdraw his plea. Such matters are controlled by GCR 1963, 785.7(6)(b)(i) which states:

"After the court accepts the plea * * * the court may set it aside on defendant's motion;"

Cases interpreting nearly identical language in earlier versions of the same court rule have held that motions to withdraw guilty pleas are left to the discretion of the trial court but that discretion should be exercised with "great liberality". *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975). The more recent opinion in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), is silent on this point.

A review of the record in the trial court and on appeal shows that the defendant has never asserted his innocence. Nor has he alleged that any of the statements he made at the plea hearing were false or that he was coerced or misled into pleading guilty. The record contains only the belated demand that he be allowed to withdraw his plea. All of those factors weigh in favor of the prosecutor's argument that the convictions should be affirmed.

However, the defendant argues with considerable justification that the trial judge never exercised the discretion at all. The judge never directly

responded to the request; rather, he simply asked if the defendant had anything more to say and, when he received a negative response, he proceeded to sentence defendant without further comment.

We are not aware of any cases holding that the defendant has an absolute right to withdrawal of a guilty plea. Cases allowing withdrawal have done so because the defendant has belatedly asserted innocence or alleged some defect in the plea-taking process. The problem in the present case is that we are unable to determine whether, if given a fair opportunity, defendant would have claimed innocence or asserted some error in the plea-taking procedure. The "great liberality" test of *Lewandowski* is diluted if, upon a defendant's asserting he wishes to withdraw his plea and is dissatisfied with his counsel, a trial court does not inquire in some detail why the defendant wishes to do so.

Accordingly, we neither approve the withdrawal of the plea nor affirm the decision of the trial court. Instead, we remand to the trial court for the purpose of an evidentiary hearing to inquire of defendant and his new counsel why he wished to withdraw. Upon hearing a full explanation, the trial court shall exercise its discretion as to whether to grant the request. If the request to withdraw is granted, defendant may be tried on the initial charges rather than the reduced charge. This is because the protection of *McMiller*[1] does not apply where defendant seeks to withdraw his plea but does not claim a defect in the plea to the reduced charge.[2]

Remanded in accordance with this opinion. This Court retains jurisdiction.

---

[1] *People v McMiller*, 389 Mich 425; 208 NW2d 451 (1973).

[2] *Moore v Ninth District Judge*, 69 Mich App 16; 244 NW2d 346 (1976).