PEOPLE v SEAMAN

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—SEXUALLY DELIN-
   QUENT PERSON—SENTENCES—STATUTES.

   The penalty prescribed for a person who is convicted of commit-
   ting criminal sexual conduct while being a sexually delinquent
   person is to be found in those individual sections of the crimi-
   nal code which prohibit the acts and have the additional
   provision relating to the conduct while being a sexually delin-
   quent person (MCLA 750.335a, 750.336, 750.338, 750.338a,
   750.338b, 767.61a; MSA 28.567[1], 28.568, 28.570, 28.570[1],
   28.570[2], 28.1001[1]).

2. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—SEXUALLY DELIN-
   QUENT PERSON—SENTENCES—STATUTES.

   A defendant's sentence of one day to life imprisonment on a
   charge of criminal sexual conduct in the third degree while
   being a sexually delinquent person was improper because the
   statute under which the defendant was charged prescribes a 15-
   year maximum period of imprisonment and contains no provi-
   sion for an additional sentence in the event of a supplementary
   charge of being a sexually delinquent person (MCLA 750.520d;
   MSA 28.788[4]).

3. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—SENTENCES—LIFE
   SENTENCE—STATUTES.

   The new code on criminal sexual conduct provides a life sentence
   for a conviction of criminal sexual conduct in the first degree
   only and provides no authority to impose a sentence of one day
   to life imprisonment upon a conviction of criminal sexual
   conduct in the third degree (MCLA 750.520a *et seq.;* MSA
   28.788[1] *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 39 Am Jur 2d, *Habitual Criminals and Subsequent Offenders* § 6
   *et seq.*
[2] 21 Am Jur 2d, *Criminal Law* §§ 525 *et seq.,* 592.
[4, 5] 21 Am Jur 2d, *Criminal Law* §§ 497–502.
   29 Am Jur 2d, *Evidence* §§ 526, 702.
   Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

4. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—JUSTIFICATION FOR PLEA.

The fact that there is no reluctance on a defendant's part to describe a crime but the defendant cannot remember all of the details of the crime to which he is entering a plea of nolo contendere is an acceptable reason which can justify taking the plea.

5. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—JUSTIFICATION FOR PLEA—IMPLIED ACCEPTANCE OF JUSTIFICATION.

A judge at a plea-taking session impliedly accepted the same justification for the appropriateness of a defendant's plea of nolo contendere to a second charge as was used to justify the acceptance of the plea on the first charge where immediately after accepting the first plea, the judge asked defense counsel why the plea of nolo contendere was appropriate for the second charge and defense counsel repeated the reason given to justify accepting the plea on the first charge, and the judge then allowed the plea to continue without commenting on the reason given.

Appeal from Muskegon, Charles A. Larnard, J. Submitted April 14, 1977, at Grand Rapids. (Docket Nos. 29466, 29467.) Decided May 4, 1977.

Felix D. Seaman was convicted, on his plea of nolo contendere, of one charge of criminal sexual conduct in the third degree and one charge of criminal sexual conduct in the third degree while being a sexually delinquent person. Defendant appeals. Convictions affirmed, with the sentence on the second charge being vacated and the matter remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

*Marietti, Mullally & Grimm,* for defendant on appeal.

Before: D. E. Holbrook, P. J., and Bashara and R. E. A. Boyle,* JJ.

Per Curiam. Defendant entered pleas of nolo contendere to two charges of criminal sexual conduct in the third degree, along with being a sexually delinquent person, with the understanding that other charges pending against him would be dismissed, including the charge of criminal sexual conduct in the first degree. On May 20, 1976, judgments were entered in both cases. Defendant was sentenced to a term of 10 years minimum and 15 years maximum on the first charge and to a term of one day to life on the second charge. Defendant now appeals as of right.

The only issue on appeal that we find of merit is defendant's contention that the sentence on the second charge was improper. Defendant was sentenced on this charge to one day to life apparently pursuant to MCLA 767.61a; 28.1001(1). That section provides in pertinent part:

"In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life, the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. * * * Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose any punishment provided by law for such offense."

This section, which is contained in the section of the criminal code dealing with proceedings before trial, is not an authorization for a sentence of one

---

* Circuit judge, sitting on the Court of Appeals by assignment.

day to life. The emphasized portions which provide "for which" are referring to the actual statutes that define the offense and fix the punishment. See MCLA 750.335a; MSA 28.567(1), MCLA 750.336; MSA 28.568, MCLA 750.338; MSA 28.570, MCLA 750.338a; MSA 28.570(1), MCLA 750.338b; MSA 28.570(2). Each of these laws is concerned with indecency and immorality. In addition to defining the offense, each statute prescribes the additional penalty of one day to life that may be imposed if a person so charged is found to be sexually delinquent. The authority for this sentence, therefore, is not found in MCLA 767.61a, but is found in each of the individual statutes.

Defendant was charged with violating MCLA 750.520d; MSA 28.788(4). The penalty prescribed therein is a 15-year maximum period of imprisonment. There is no provision for sentence in the event of a supplementary charge of sexual delinquency as is found in the previously mentioned statutes. Furthermore, MCLA 750.10a; MSA 28.200(1), referred to by the court at sentencing, merely defines the term sexually delinquent person. In the absence of statutory authority the only possible sentence was that provided for in MCLA 750.520d, that is, a 15-year maximum. Furthermore, the new criminal sexual conduct code, 1974 PA 266; MCLA 750.520a, *et seq.;* MSA 28.788(1) *et seq.,* only provides for a life sentence for a conviction of first-degree criminal sexual conduct, MCLA 750.520b. The court herein had no authority to impose a sentence of one day to life upon conviction of third-degree criminal sexual conduct.

Another issue raised on appeal is the failure of the prosecution to allege in the information that the charge on the second offense herein was a second offense subjecting the defendant to a man-

datory minimum sentence of five years. See *People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970). Because we have vacated the sentence we need not decide this issue and reserve judgment on said issue until it is properly before this Court.

Defendant also contends that the trial court failed to sufficiently state why a nolo contendere plea was appropriate herein. Defendant entered pleas of nolo contendere on both charges herein in immediate succession to each other in arraignment proceedings, defendant having stood mute at the original arraignment on this information.

During the plea proceeding on the first charge counsel for defendant indicated that although there was no reluctance to state the facts, the defendant could not remember all of the details. This is an acceptable reason which can justify taking a plea of nolo contendere. *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975). The court did indicate during plea proceedings on this charge that this was the reason he was allowing the plea. Immediately following plea on the first charge, the court again asked defense counsel why the plea of nolo contendere was appropriate. The same reason was given. The court then allowed the plea to continue, without commenting on this reason, impliedly accepting this justification for a plea of nolo contendere. Just as a judge's determination that a guilty plea has been freely, understandingly and voluntarily made may be concluded from acceptance of the plea even though the judge makes no separate finding,[1] we can conclude herein that the court accepted this valid reason as justification for this plea of nolo contendere.

Defendant also maintains that the court erred by not advising defendant of the minimum sen-

---

[1] *Guilty Plea Cases,* 395 Mich 96, 126; 235 NW2d 132 (1975).

tence as required by GCR 1963, 785.7(1)(c) and 785.7(1)(d). During acceptance of the plea to the first charge, defendant could not have been subjected to a mandatory minimum prison sentence. However, on the second charge defendant was subject to a five-year minimum. Defendant was advised of the mandatory minimum during acceptance of the second plea, yet persisted in entering his plea on that charge. There was no error herein.

Defendant's remaining allegations of error are meritless.

Defendant's convictions by plea of nolo contendere in both cases are affirmed. However, the sentence on the second offense, case No. 19601, is vacated and accordingly remanded for resentence.