PEOPLE v THOMAS

Docket No. 78-615. Submitted December 8, 1978, at Detroit.—Decided February 6, 1979.

Johnny E. Thomas was convicted, on his plea of nolo contendere, of breaking and entering with intent to commit larceny, felonious assault and possession of a firearm in the commission of a felony, Recorder's Court of Detroit, Joseph E. Maher, J. He received a separate sentence on each charge. Defendant appeals alleging that the trial court did not correctly inform him of the charges against him at the proceeding for the acceptance of his plea. *Held:*

The trial court properly accepted defendant's plea on the offense of breaking and entering but failed to personally state to the defendant that he was charged with felonious assault and possession of a firearm during a felony or to ask defendant how he pled to these offenses as required by court rule; a defendant cannot plead to or be sentenced for a crime with which he was not charged.

The conviction and sentence for breaking and entering is affirmed but the convictions and sentences for assault and felony firearm are set aside and the case is remanded.

1. CRIMINAL LAW — PLEA OF GUILTY — NOLO CONTENDERE — NAME OF OFFENSE — SENTENCES — COURT RULES.

Prior to the acceptance of a plea of guilty or nolo contendere, the court is required to personally state to a defendant the name of the offense to which he is pleading and ask the defendant how he wishes to plead to the offense; a defendant cannot plead to or be sentenced for a crime that he is not charged with (GCR 1963, 785.7[1], 785.7[5]).

2. CRIMINAL LAW — PLEA OF GUILTY — CONVICTION AND SENTENCING — PREJUDICE.

Conviction and sentencing of a defendant on charges to which he

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 458, 460, 461, 487, 491, 497.
[3] 21 Am Jur 2d, Criminal Law §§ 484-502.

has not pled or of which he has not been found guilty after trial is prejudicial.

3. Criminal Law — Plea of Guilty — Nolo Contendere — Plea Bargains — Sentences — Court Rules.

A court rule requires a court, before accepting a plea of guilty or nolo contendere, to ask the prosecutor and the defendant's lawyer whether they have made a plea agreement; failure to mention a plea agreement at a prior plea hearing precludes consideration of any such agreement at a later sentencing (GCR 1963, 785.7[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

Before: Beasley, P.J., and Bronson and N. J. Kaufman, JJ.

N. J. Kaufman, J. This case from beginning to end is a comedy of errors.[1]

The request for a warrant was for the following offenses: (1) breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305; (2) felonious assault, MCL 750.82; MSA 28.277; (3) possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2).

A preliminary examination was held on November 4, 1977. Defendant was bound over for trial on the above three charges. An information was filed on the same date.

Defendant then filed a motion requesting a forensic evaluation under MCL 330.2026, 330.2028; MSA 14.800(1026), 14.800(1028). Following the

---

[1] William Shakespeare, *The Comedy of Errors.*

evaluation, the court found defendant competent to stand trial.

A plea hearing was then held on November 28, 1977. There was *no* plea bargaining. The court accepted defendant's proffered reason for pleading nolo contendere: that defendant was unable to totally recall the events of the crimes with which he was charged.[2]

The following colloquy then occurred:

"THE COURT: And how do you plead to this offense breaking and entering with intent to commit larceny *carrying a concealed pistol* on your person, *assault with intent to do great bodily harm less than murder—I have to correct this. There is no charge of carrying a concealed weapon—strike that.*

"MR THOMAS: *No contest.*

"THE COURT: You plead no contest?

"MR THOMAS: *Yes." (Emphasis supplied.)*

The court then proceded to advise defendant of some of his rights pursuant to GCR 1963, 785.7. However, at no time did the court personally state to the defendant that he was charged with felonious assault and possession of a firearm during a felony, or ask the defendant how he pled to these offenses. GCR 1963, 785.7(1)(a), 785.7(5); *Guilty Plea Cases,* 395 Mich 96, 115-117; 235 NW2d 132 (1975). It is clear that defendant was prejudiced by these omissions. Conviction and sentencing on charges to which one has not pled or of which one has not been found guilty after trial is a rather obvious form of prejudice.

Defendant was sentenced on December 13, 1977. Under the felony firearm statute, defendant received a mandatory sentence of two years impris-

---

[2] *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975), *People v Seaman,* 75 Mich App 546, 550; 255 NW2d 680 (1977).

onment, to be served first. The court also sentenced defendant to 3 to 15 years for breaking and entering, and 3 to 10 years for assault with intent to do great bodily harm less than murder. The two latter sentences were to run concurrently. Also at the sentencing the following occurred:

"* * * [Defense counsel, who was the same counsel at the preliminary examination, the hearing on the forensic examination, the plea and the sentencing]: And the only other agreement, that the Prosecutor's Office will not supplement him.

"Is that correct, * * *?"

"* * * [Assistant Prosecutor]: Yes, Your Honor. The People will not file a Supplemental Information charging the defendant as a Habitual Criminal as a result of this plea. But that does not apply to any felony he may commit or attempt to commit in the future, Your Honor.

"THE COURT: Yes."

There was no such agreement mentioned at the plea hearing, as required by GCR 1963, 785.7(2).

Defendant appeals as of right. Not surprisingly, defendant claims that the trial court did not correctly inform him of the actual charges. We agree, with the exception of the charge of breaking and entering an occupied dwelling with intent to commit a larceny, MCL 750.110.

We realize that the Detroit Recorder's Court is one of the busiest criminal courts in the United States; however, there is no excuse for what happened in this case. Defendant pled to and was sentenced for a crime that he was not charged with. While the file does show that on December 16, 1977, an amended Count II sentence of 32 months to 4 years was entered for felonious assault, defendant never pled to that charge. Nor did

he plead to possession of a firearm in the commission of a felony.

Therefore, this Court sets aside the assault and felony firearm convictions and affirms the conviction and sentence for breaking and entering. The cause is remanded to the trial court for further proceedings consistent with this opinion. In light of our disposition, we need not reach defendant's two remaining claims of error.