PEOPLE v KNIGHT

Docket No. 78-567. Submitted October 2, 1979, at Detroit.—Decided January 3, 1980.

Reginald Knight pled nolo contendere to charges of manslaughter and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, John Patrick O'Brien, J. Defendant appeals, alleging that he was denied effective assistance of counsel, that his plea was not voluntarily, intelligently or knowingly made and that the lower court failed to state adequately on the record its reason for acceptance of the plea. *Held:*

1. Defendant was not denied effective assistance of counsel.

2. At the time of sentencing the defendant requested permission to withdraw his plea. The request was denied. Such permission should be granted where the defendant has a sufficiently non-frivolous reason for wishing to withdraw his plea. The case should be remanded for an evidentiary hearing to establish whether or not the defendant's reasons for seeking withdrawal of his plea are frivolous.

3. The lower court's reason for acceptance of the nolo contendere plea, that the defendant's recollection of the facts was unclear because he was "groggy", was sufficient to satisfy the court rule regarding the acceptance of nolo contendere pleas.

Remanded for further proceedings.

1. CRIMINAL LAW — PLEAS — WITHDRAWAL OF PLEA.

A defendant has no absolute right to withdraw a plea; however, requests to withdraw pleas should be granted with great liberality where made prior to sentencing.

2. CRIMINAL LAW — PLEA OF NOLO CONTENDERE — WITHDRAWAL OF PLEA.

A trial court must make an inquiry into a defendant's reasons for

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 503.
[2] 21 Am Jur 2d, Criminal Law § 507.
[2-4] Plea of nolo contendere. 89 ALR 2d 540.
[3] 21 Am Jur 2d, Criminal Law § 499.
[4] 21 Am Jur 2d, Criminal Law §§ 497, 499.

wishing to withdraw a previously entered plea of nolo contendere where the request to withdraw is made prior to sentencing, and if the defendant's reasons are sufficiently non-frivolous the request to withdraw the plea should be granted.

3. CRIMINAL LAW — PLEA OF NOLO CONTENDERE — FACTUAL BASIS FOR PLEA — PRELIMINARY EXAMINATION.

A preliminary examination transcript may properly be relied upon by a trial court for the purpose of establishing the factual basis for a defendant's plea of nolo contendere.

4. CRIMINAL LAW — PLEA OF NOLO CONTENDERE — ACCEPTANCE OF PLEA.

A trial court may properly accept a nolo contendere plea where the defendant's recollection of the facts of the criminal offense with which he is charged is unclear.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Robert B. Tatham,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BRONSON and R. M. MAHER, JJ.

T. M. BURNS, P.J. Defendant-appellant, Reginald Knight, appeals of right his October 31, 1977, pleas of nolo contendere to the crimes of manslaughter, MCL 750.321; MSA 28.553, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On November 8, 1977, defendant was sentenced to consecutive terms of 2-1/2 to 15 years for the former offense and two years for the latter. Defendant has raised three issues for our consideration and we find that one of them requires remand to the lower court.

Initially, we note that we find no merit in defen-

dant's argument that he was denied effective assistance of counsel. Our review of the lower court record persuades us that defense counsel conscientiously protected defendant's interest and performed as well as a lawyer with ordinary training and skill in the criminal law. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). Moreover, we find that none of defense counsel's actions have resulted in a serious error but for which defendant would have had a reasonable likelihood of acquittal. *People v Degraffenreid,* 19 Mich App 702, 718; 173 NW2d 317 (1969).

Defendant also contends that his plea was not voluntarily, intelligently or knowingly made and that the lower court erred in refusing to permit him to withdraw his plea at sentencing. The transcript of the plea proceeding indicates that defendant expressed an initial reluctance to make an inculpatory plea:

"COURT: Do you understand this plea is the result of bargaining between your attorney, Mr. Roth, and the Prosecutor?

"DEFENDANT: Yes.

"COURT: And that's all right with you?

"DEFENDANT: No, sir.

"COURT: I don't know what you're saying.

"DEFENDANT: No, I don't want to take the plea bargaining."

Following this exchange a conversation was held off the record. Thereafter, the plea proceeding continued and defendant made his nolo contendere plea which was accepted. The plea transcript does not disclose a factual basis supporting defendant's plea. Apparently, defendant's recollection of the criminal incident was so sketchy as to make it virtually impossible for him to recount his crimi-

nal activity. Nonetheless, on the date of sentencing, defendant, convinced that he was not guilty of any offense, requested permission to withdraw his plea.

Although there is no absolute right to withdrawal of a plea, requests to do so should be granted with "great liberality" if made prior to sentencing. *People v Price,* 85 Mich App 57; 270 NW2d 707 (1978), *lv den* 405 Mich 819 (1979), *People v Winegar,* 78 Mich App 764; 261 NW2d 45 (1977). In *People v Moore,* 74 Mich App 195, 198; 253 NW2d 708 (1977), a panel of this Court held that where a defendant moves to withdraw a guilty plea, the trial court must "inquire in some detail why the defendant wishes to do so". We recognize that in the instant case we are not concerned with a "guilty plea" but rather with a plea of nolo contendere. However, because we are concerned with the maintenance of judicial integrity, we see no valid reason to distinguish on this point between guilty pleas and pleas of nolo contendere. If a defendant who has previously pled nolo contendere to a criminal charge seeks to have that plea withdrawn prior to sentencing on it, the trial court must make an inquiry into the defendant's reasons for wishing to withdraw the plea. If the defendant has a sufficiently non-frivolous reason for wishing to withdraw the plea then he should be permitted to do so.

Therefore, we adopt the remedy approved of in *Moore* and remand this cause to the lower court with an instruction to conduct an evidentiary hearing on whether defendant's reasons for attempting to withdraw his plea were non-frivolous.

In establishing the factual basis for defendant's plea, the trial court relied upon the preliminary examination transcript. There is nothing im-

proper, per se, in the use of a preliminary examination transcript for this purpose. *People v Belanger,* 73 Mich App 438, 455; 252 NW2d 472 (1977), *People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976).

Defendant alludes to the fact that the lower court did not adequately comply with GCR 1963, 785.7(3)(b), and justify on the record its reason for accepting the nolo contendere plea. However, both the prosecutor and defense counsel conceded at the plea proceeding that defendant's recollection of the facts of the criminal offense were unclear because he was "groggy". The trial court concluded that this was a sufficient reason for accepting a nolo contendere plea. The trial court's conclusion is correct. *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975), *People v Seaman,* 75 Mich App 546, 550; 255 NW2d 680 (1977).

Remanded for further proceedings consistent with this opinion.