PEOPLE v BOOMER

Docket No. 45869. Submitted December 13, 1979, at Lansing.—Decided August 12, 1980.

Robert W. Boomer was convicted, on his plea of guilty, of armed robbery in Oakland Circuit Court, Richard D. Kuhn, J. On the date of sentencing but before sentence was imposed, the defendant moved to withdraw his guilty plea. The judge summarily denied the defendant's motion without any inquiry as to why the defendant wished to withdraw his guilty plea. Defendant appeals. *Held:*

1. Requests for withdrawal of guilty pleas should be granted with great liberality if made prior to sentencing, although there is no absolute right to withdraw a guilty plea.

2. The trial judge must inquire in some detail why a criminal defendant wishes to withdraw a guilty plea when a motion to withdraw his plea is made by a defendant.

3. If, in the discretion of the trial judge, the defendant's motion to withdraw his guilty plea is based on nonfrivolous reasons the defendant should be permitted to withdraw such plea and be tried on the original charge. If, however, there was no valid reason for such a motion, the conviction should be affirmed.

Remanded with instructions.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL.

Requests for withdrawal of guilty pleas should be granted with great liberality if made prior to sentencing, although there is no absolute right to withdraw a guilty plea.

2. CRIMINAL LAW — JUDGES — GUILTY PLEAS — WITHDRAWAL.

The trial judge must inquire in some detail why a criminal defendant wishes to withdraw a guilty plea when a motion to withdraw his plea is made by a defendant.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1,2] 21 Am Jur 2d, Criminal Law § 503 *et seq.*

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Young & Kaluzny,* for defendant on appeal.

Before: T. M. BURNS, P.J., and J. H. GILLIS and BASHARA, JJ.

T. M. BURNS, P.J. Defendant appeals of right his May 15, 1979, plea of guilty to armed robbery. MCL 750.529; MSA 28.797. On May 16, 1979, he was sentenced to a term of 8 to 20 years imprisonment. Defendant raises one issue for our consideration. On the date of sentencing, but before sentence was imposed by the Court, defendant indicated that he wished to withdraw his guilty plea. Defendant's request was summarily denied without any inquiry by the sentencing judge as to why defendant wished to withdraw his plea:

"Defendant: I would like to withdraw my plea to not guilty (sic).

"The Court: Your motion is denied. Anything further?

"Defendant: No."

Although there is no absolute right to withdraw a guilty plea, requests for withdrawal should be granted with "great liberality" if made prior to sentencing. *People v Price,* 85 Mich App 57; 270 NW2d 707 (1978), *lv den* 405 Mich 819 (1979), *People v Winegar,* 78 Mich App 764; 261 NW2d 45 (1977).

In *People v Moore,* 74 Mich App 195, 198; 253 NW2d 708 (1977), this Court held that when a defendant moves to withdraw a guilty plea, the

judge must "inquire in some detail why the defendant wishes to do so". We find no evidence of such an inquiry in the instant case. Therefore, we would adopt the remedy approved of in *Moore* and remand this case to the lower court with instruction to conduct an evidentiary hearing on whether defendant's desire to withdraw his guilty plea was motivated by a sufficiently nonfrivolous reason. If, in the discretion of the trial judge, it was, the defendant should be permitted to withdraw his plea and should be tried on the original charge in accordance with *People v Moore, supra.* If, on the other hand, the trial judge should determine that the defendant has no valid reason for withdrawing his guilty plea, the conviction should be affirmed. We retain no further jurisdiction.