PEOPLE v KENNETH JOHNSON

Docket No. 58304. Submitted September 14, 1982, at Grand Rapids.—
Decided December 8, 1982.

Kenneth J. Johnson pled nolo contendere to a charge of unarmed
robbery, Kalamazoo Circuit Court, Donald T. Anderson, J. The
defendant appeals alleging that (1) the trial court erred in
using a police report to establish the factual basis to accept the
plea, (2) the prosecuting attorney breached the plea-bargaining
agreement with the defendant by concurring with the proba-
tion department's recommendation that the defendant be sen-
tenced to prison, and (3) he should be allowed to withdraw his
plea because he received nothing of value in the plea-bargain-
ing agreement. *Held:*

1. The trial judge did not err in using the police report to
establish the factual basis to accept the defendant's nolo con-
tendere plea. The court obviously could not have elicited the
factual basis from the defendant himself. Further, both the
prosecutor and the defendant stipulated that the police report
could be used to establish the factual basis.

2. The prosecuting attorney breached the plea-bargaining
agreement by stating that he concurred with the probation
department's recommendation that the defendant be sentenced
to prison. The case should be remanded to the trial court for
resentencing, at which time the prosecuting attorney should
not make a sentence recommendation.

3. The plea-bargaining agreement was not illusory. The de-
fendant received valuable consideration in the agreement, a
promise by the prosecutor to remain silent.

Affirmed but remanded for resentencing.

1. CRIMINAL LAW — NOLO CONTENDERE PLEAS.

A nolo contendere plea by its nature prohibits an examining
magistrate from eliciting from the defendant the requisite
factual basis to support a nolo plea but that does not relieve
the magistrate from establishing a sufficient basis via another

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 492.
[3, 4] 21 Am Jur 2d, Criminal Law § 485.

medium; if a defendant were compelled by direct testimony to provide the factual basis to convince a court that he had committed a crime, his plea, regardless of the label attached, would be a guilty plea.

2. CRIMINAL LAW — NOLO CONTENDERE PLEAS.

Generally, a trial court allows a defendant to plead nolo contendere rather than guilty so that the defendant may avoid making an admission.

3. CRIMINAL LAW — PLEA BARGAINS.

A criminal defendant who pled nolo contendere should be resentenced where pursuant to a plea-bargaining agreement the prosecutor agreed that he would not recommend any sentence to the trial judge and at the time of the sentencing the prosecutor concurred with the probation department's recommendation of a prison term.

4. CRIMINAL LAW — PLEA BARGAINS.

Specific performance of the plea-bargaining agreement rather than allowing the defendant to withdraw his plea is the proper remedy for a breach of the agreement by the prosecuting attorney where the defendant does not assert his innocence but merely complains that the prosecutor did not keep his part of the bargain.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Principal Appellate Attorney, for the people.

*Marovich & Stroba* (by *Milton J. Marovich),* for defendant on appeal.

Before: MACKENZIE, P.J., and T. M. BURNS and D. F. WALSH, JJ.

PER CURIAM. On August 19, 1981, defendant pled nolo contendere to a charge of unarmed robbery, MCL 750.530; MSA 28.798, and was sentenced to from 7-1/2 to 15 years imprisonment. He appeals as of right.

GCR 1963, 785.7(3)(b)(ii) requires that the trial

judge conduct a hearing to establish the factual basis for a defendant's no contest plea. In the present case, the parties stipulated that the judge be allowed to use the police report to establish the factual basis. Defendant now argues that the trial court erred in using the police report to provide the factual basis. He claims that the court had a personal responsibility to conduct the hearing and to ensure the fact-finding procedure's integrity.

In *People v Chilton,* 394 Mich 34, 37-38; 228 NW2d 210, 211 (1975), the Supreme Court unanimously ruled that a trial judge could use a preliminary examination transcript to supply the factual basis:

"If a defendant were compelled by direct testimony to provide the factual basis to convince a court that he had committed a crime, his plea, regardless of the label attached, would be a guilty plea. A nolo contendere plea by its nature prohibits an examining magistrate from eliciting from the defendant the requisite factual basis to support a nolo plea. But this does not relieve the magistrate from establishing a sufficient basis. It simply means that basis must be established via another medium." (Footnote omitted.)

See also *People v Knight,* 94 Mich App 526; 288 NW2d 649 (1980); *People v Michelle,* 69 Mich App 389; 245 NW2d 59 (1976).

Usually, a court allows a defendant to plead no contest rather than guilty to allow him to avoid making an admission. *People v Sickmiller,* 87 Mich App 332; 274 NW2d 57 (1978). In the present case, the court allowed defendant to plead no contest because defendant's memory had been somewhat impaired thus making him unable to sufficiently state the facts.

In *People v Maciejewski,* 68 Mich App 1; 241

NW2d 736 (1976), this Court held that the trial judge properly established a factual basis through a police officer's hearsay testimony. We believe that the present case is similar. The trial court obviously could not have elicited the factual basis from defendant himself. Because both parties stipulated that the police report could establish the factual basis, we believe that the trial judge did not err in conducting his hearing in that way. We would be far more concerned about such a hearing if defendant had, instead, objected. See *People v Fields,* 71 Mich App 232; 247 NW2d 362 (1976) (T. M. BURNS, J., *dissenting.)*

In return for defendant's pleading no contest, the prosecution agreed that it would not recommend any sentence to the judge. At defendant's sentencing, the prosecutor stated the following: "Your Honor, the People would simply concur with the recommendation of prison from the Probation Department". This case is directly controlled by the unanimous decision in *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971). There, the defendant pled guilty in return for the prosecutor's making no recommendation at sentencing. However, the prosecutor recommended the maximum penalty. The Supreme Court vacated the sentence and remanded the case. The prosecutor's attempt to distinguish the *Santobello* case by claiming a difference between recommending the maximum and following the probation report is spurious. Therefore, we are remanding this case for a new sentence. At that time, the prosecutor is not to make any sentence recommendation. The parties will be held to their bargain. Under the circumstances of this case, since defendant is not asserting innocence and is merely complaining that the prosecution did not

keep its part of the bargain, we are persuaded that specific performance rather than allowing the defendant to withdraw the plea is the proper remedy. *People v Stevens,* 45 Mich App 689; 206 NW2d 757 (1973); *People v Eck,* 39 Mich App 176; 197 NW2d 289 (1972).

Defendant lastly argues that he should be allowed to withdraw his plea because he received nothing of value in the plea bargain. We disagree. A promise to remain silent is a valuable consideration. As such, the bargain was not illusory.

Defendant's conviction is affirmed. This case is remanded for a resentencing to be conducted in accordance with this opinion.