PEOPLE v GRIDLEY

Docket No. 67798. Submitted September 7, 1983, at Detroit.—Decided October 25, 1983.

Darwin D. Gridley was convicted, on his plea of guilty, of breaking and entering an unoccupied building with intent to commit larceny, Mecosta Circuit Court, Lawrence C. Root, J. He appealed, alleging that the trial court's failure to inform him of the name of the offense to which he pled guilty requires reversal of his conviction. *Held:*

The defendant failed to allege any prejudice from the trial court's error and the record clearly shows that he was aware of the offense to which he pled guilty. The trial court's failure to mention the name of the offense was harmless error.

Affirmed.

CRIMINAL LAW — NAME OF OFFENSE — COURT RULES.

Where a defendant has failed to allege prejudice from a trial court's error in not informing him of the name of the offense to which he pled guilty, and where the record clearly shows the defendant was well aware of the offense to which he was pleading guilty, the trial court's error is harmless. (GCR 1963, 785.7[1][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John E. Vermeer,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: HOOD, P.J., and J. H. GILLIS and R. M. MAHER, JJ.

REFERENCES FOR POINTS IN HEADNOTES

5 Am Jur 2d, Appeal and Error § 545.
41 Am Jur 2d, Indictments and Informations §§ 86, 88, 105, 306.

Per Curiam. Defendant was charged with, and pled guilty to, breaking and entering an unoccupied building with intent to commit larceny, MCL 750.110; MSA 28.305, and was subsequently sentenced to from five to ten years imprisonment. He appeals as of right and argues that the trial court's failure to inform him of the name of the offense to which he was pleading guilty, as required by GCR 1963, 785.7(1)(a), mandates reversal of his conviction.

GCR 1963, 785.7(1)(a) states that, before accepting a defendant's guilty plea,

"(1) Speaking directly to the defendant, the court shall tell him:
"(a) the name of the offense to which he is pleading; the court is not obliged to explain the elements of the offense, or possible defenses."

Relying on *People v Thomas,* 88 Mich App 465, 467; 276 NW2d 623 (1979), defendant argues that failure to comply with the express language of this rule requires reversal unless the record indicates that the trial court personally informed him of the name of the offense at some other point in the proceedings, such as the preliminary examination. However, we do not read *Thomas* so broadly. The decision in *Thomas* rests on rather unique facts. There, the record clearly showed that the defendant was confused from "a comedy of errors" which included a misstatement of two of the charges against him and the failure to ever inform him of the correct charges.

In *Guilty Plea Cases,* 395 Mich 96, 117; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977), the Supreme Court strongly suggested that, where a defendant seeks reversal of his plea-based conviction for failure to

correctly inform him of the "nature of the charge against him" (as the court rule then required), the defendant must demonstrate that he was prejudiced by the court's error:

"In *Simpson* it is apparent on the record that the misstatement that the charged offense was breaking and entering did not mislead the defendant. Simpson was charged with and pled guilty to attempted breaking and entering an occupied dwelling house. He did not mistakenly plead to the offense named by the judge."

Such prejudice, where the name of the offense was never mentioned, would most likely occur if a defendant pled guilty when he would otherwise have gone to trial, or where a defendant was convicted by his guilty plea of an offense other than that to which he intended to plead. In the present case, defendant makes no allegation that he was prejudiced in such ways, or in any other.

Furthermore, although the name of the offense was never mentioned on the record during the plea proceeding by the trial court, prosecutor, or defense counsel, defense counsel acknowledged on the record that he had received a copy of the information and waived the reading of the information. In response to the trial court's questions, defendant stated that he knew the nature of the charge against him and provided the following factual basis: "I did break and enter the store, K mart, here in Mecosta County". He also acknowledged that at the time he broke into the store, he did so intending to steal. From these facts, we conclude that defendant was fully aware that he was pleading guilty to a charge of breaking and entering an unoccupied building with intent to commit larceny.

We therefore affirm defendant's conviction. De-

fendant has failed to allege any prejudice from the trial court's error and the record clearly shows that he was well aware of the offense to which he was pleading. Under these circumstances, the trial court's failure to mention the name of the offense was harmless error.

Affirmed.