PEOPLE v BLAZINA

Docket No. 74810. Submitted October 3, 1984, at Lansing.—Decided
November 7, 1984.

Dale M. Blazina entered a plea of nolo contendere in Tuscola
Circuit Court, Patrick R. Joslyn, J., to a charge of fourth-degree
criminal sexual conduct. The plea was accepted on the ground
that defendant could not recall the events which led to the
charge because of amnesia suffered as a result of a motorcycle
accident. Defendant was sentenced to one year in jail. He
appeals, claiming that the trial court erred in refusing to allow
him to withdraw his plea after the sentence was imposed and
failed to adequately state why the nolo contendere plea was
appropriate.

1. Defendant's amnesia was a valid reason for allowing a nolo
contendere plea. The trial court did not err in accepting defen-
dant's plea or in refusing to allow him to withdraw the plea
after sentencing.

2. Although the judge may not have stated why the nolo
contendere plea was appropriate, the appropriateness of the
plea may be concluded from its acceptance, and the record
supports the appropriateness of the plea in this case.

3. Defendant's contention that he no longer suffers from
amnesia, has regained his memory, and can now make a
defense to the charge is no reason to set aside his plea. The
plea was freely, voluntarily, knowingly and intentionally en-
tered.

Affirmed.

1. CRIMINAL LAW — NOLO CONTENDERE PLEAS.

A plea of nolo contendere may be appropriate where a defendant
cannot remember the events which led to his being charged
with a crime.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 492.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[2] 21 Am Jur 2d, Criminal Law §§ 495, 497.
[3] 21 Am Jur 2d, Criminal Law § 498.

2. CRIMINAL LAW — NOLO CONTENDERE PLEAS.

    A court's determination that a plea of nolo contendere. is appro-
    priate in a given case may be concluded from acceptance of the
    plea even though the court fails to make a separate finding as
    to the appropriateness of the plea.

3. CRIMINAL LAW — NOLO CONTENDERE PLEAS — NONJURISDICTIONAL
    DEFECTS — WAIVER.

    A defendant waives his right to challenge nonjurisdictional de-
    fects in prior proceedings by entering a plea of nolo contendere.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Scott Stermer,* Prosecuting Attorney, and *JoEllen O'Connor,* Assistant Prosecuting Attorney, for the people.

*Metry, Metry & Sanom* (by *Mark S. Metry),* for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Defendant entered a plea of nolo contendere to a charge of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). The plea was accepted by the trial court and defendant was sentenced to one year in the county jail on September 6, 1983. Defendant subsequently filed a delayed motion for a new trial and bond pending appeal. The trial court denied the motion for a new trial but granted defendant bond pending appeal. Defendant now appeals to this Court as of right.

Defendant was arraigned on June 6, 1983. On July 1, 1983, defendant was involved in a motorcycle accident. He suffered injuries, including head injuries, which resulted in "some amnesia * * * that was very selective and appeared to follow a

* Recorder's court judge, sitting on the Court of Appeals by assignment.

pattern where the patient did not remember things that may have been somewhat threatening to him". On July 19, 1983, the plea of nolo contendere was taken. The trial court asked the defendant if he was entering the plea because he had no recall of the events. Defendant answered affirmatively. The trial court asked if the prosecutor and defense counsel were satisfied with the plea-taking process. They expressed their satisfaction on the record. The plea was taken under advisement in order to give the trial court an opportunity to examine the exhibit which supplied the factual basis for the plea. The exhibit had been admitted by the stipulation of defense counsel. The court later informed the prosecutor and defendant that the exhibit did not supply a sufficient factual basis to support a plea. The court found that the element of coercion was not shown. In response, the prosecutor and defendant submitted a supplemental exhibit to support the plea. This exhibit's admission was accompanied by a stipulation to admit it signed by the prosecutor and defense counsel. The plea of nolo contendere was subsequently accepted by the trial court and defendant was sentenced to one year in jail.

Defendant now appeals to this Court claiming that the trial court erred in refusing to allow him to withdraw his plea after the sentence was imposed. Defendant claims that his amnesia prevented him from making a defense and that somehow this prevented him from making a knowing and voluntary plea. He claims that the court abused its discretion in refusing to allow him to set aside his plea and that the trial court failed to adequately state why the nolo contendere plea was appropriate.

We find defendant's position lacks merit. While the plea of nolo contendere has come under some

criticism, *People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976), *lv den* 402 Mich 815 (1977), it has been held to be a proper plea in some circumstances. *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975). One such circumstance is where the defendant is unable to recollect the facts of the case. *Guilty Plea Cases, supra.* A nolo contendere plea allows a defendant to avoid making an admission. *People v Sickmiller,* 87 Mich App 332; 274 NW2d 57 (1978). In *People v Kenneth Johnson,* 122 Mich App 26; 329 NW2d 520 (1982), this Court affirmed a nolo contendere plea where the trial court accepted it because the defendant's memory was somewhat impaired, making him unable to sufficiently state the facts. This Court reached the same conclusion about another nolo contendere plea in *People v Knight,* 94 Mich App 526; 288 NW2d 649 (1980). In *People v Seaman,* 75 Mich App 546, 550; 255 NW2d 680 (1977), this Court stated that a defendant's inability to remember was a reason which justified taking a plea of nolo contendere. We are satisfied that defendant's amnesia was a valid reason for allowing a nolo contendere plea.

Defendant also suggests that the trial court failed to state with specificity why a nolo contendere plea was appropriate in this case. Our reply is drawn from *Seaman, supra,* p 550:

"Just as a judge's determination that a guilty plea has been freely, understandingly and voluntarily made may be concluded from acceptance of the plea even though the judge makes no separate finding, we can conclude herein that the court accepted this valid reason as justification for this plea of nolo contendere." (Footnote omitted.)

The record before us makes clear that the nolo contendere plea was appropriate in this case

where the defendant could not supply an adequate factual basis for a guilty plea through questioning by the court. Defendant's amnesia is a special circumstance which justifies acceptance of the nolo contendere plea instead of a guilty plea in this case.

Finally, defendant suggests that the plea should be set aside because he no longer suffers from amnesia and has recovered his memory. He contends he is now able to make a defense and should be allowed to do so at trial. This position was apparently offered to the trial court as part of a motion for a new trial. It appears that defendant is essentially challenging the factual basis of his plea. We note that the record establishes an adequate factual basis as shown by the exhibits admitted by stipulation. Defendant now claims his recovery enables him to establish his innocence through his reacquired memory. The law does not recognize this as a basis for setting aside his plea. By pleading nolo contendere a defendant waives his right to challenge nonjurisdictional defects in the prior proceedings, *People v Riley,* 88 Mich App 727; 279 NW2d 303 (1979); *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978). Furthermore, as noted in *Kenneth Johnson, supra,* the stipulations were properly used to establish the factual basis for the plea. We are also unable to find from the record before us that defendant's inability to remember the events surrounding the crime in any way affected his ability to freely, voluntarily, knowingly and intentionally enter into the plea. Defendant's conviction is therefore affirmed.

Affirmed.